PER CURIAM.
Appellant appeals his convictions and sentences for attempted first degree felony murder with a weapon or firearm, armed kidnapping with a weapon, sexual battery with a firearm, aggravated battery, and grand theft auto. Appellant asserts that the trial court (1) failed to conduct a proper competency hearing and enter a written order finding him competent to proceed after a prior adjudication of incompetency, and (2) erred in denying his motion to correct a sentencing error, as the information did not properly put him on notice that he faced enhancement on the aggravated battery charge pursuant to section 775.087(2)(a), Florida Statutes (the “10-20-Life” statute). We affirm the first issue but, based upon the reasoning below, remand for entry of a nunc pro tunc order finding Appellant competent to stand trial. We affirm the second issue without comment.
*1288 On July 21, 2008, Appellant was charged by information with (1) attempted first degree felony murder with a weapon or firearm; (2) armed kidnapping with a weapon; (3) sexual battery with a firearm; (4) aggravated battery with great bodily harm or with a deadly weapon and use of a firearm; (5) grand theft auto; and (6) possession of a firearm by a convicted felon. Just over a month later, on September 9, 2008, the trial court entered an order judging Appellant incompetent to proceed. Almost five years later, in July 2013, the treating hospital provided the court with a competency evaluation, opining that Appellant was competent to proceed and no longer met the criteria for continued involuntary commitment. On July 17, 2013, a status call hearing proceeded on the issue of Appellant’s competency. Before proceeding, the court checked its file to see if it had received the report on Appellant’s competency. The court asked the prosecutor where it specifically stated in the report that Appellant was competent to proceed, noting it had seen that particular statement in the cover letter, but not in the report. Both the prosecutor and defense counsel directed the court to where the report made that specific statement, with the prosecutor noting it was also discussed in detail throughout. The court responded by stating, “I’ve read throughout it, but I just didn’t see the actual determination. So the Court does find that Mr. Merriell is competent to proceed.” The court then granted defense counsel’s oral request for a continuance for additional time to conduct discovery.
In the months following the hearing, the case was continued a number of times following Appellant’s multiple requests for continuance based on either needing additional time for discovery or a pending psychological evaluation; however, no motions were filed by defense counsel requesting any sort of determination on Appellant’s competency to proceed, and it was not raised as an issue at any point before the trial began. The case proceeded to trial approximately 10 months after the July 2013 status hearing.
In Dougherty v. State, 149 So.3d 672, 676 (Fla.2014), the Florida Supreme Court addressed the importance of competency determinations in criminal proceedings and the need to ensure that courts follow the required competency procedure set forth in Florida Rules of Criminal Procedure 3.210-3.212. The court recognized that, generally, a proper hearing required the calling of court-appointed experts, a determination of competency, and entry of an order. Id. at 677. The court also clearly recognized that
[t]he plain language of rule 3.212(a), however, does not require the calling of expert witnesses or any additional witnesses because the word “may” is used. Further, “where the parties and the judge agree, the trial Court may decide the issue of competency on the basis of the written reports alone.”
Id. at 677-78 (quoting Fowler v. State, 255 So.2d 513, 515 (Fla.1971)).
Here, unlike Dougherty, the trial court did not rely on a stipulation that Appellant was competent to proceed. Instead, the court conducted a competency hearing; although it did not call experts, it had the competency evaluation from Appellant’s treating facility, the court stated that it had reviewed the evaluation, and specifically stated that it was finding Appellant competent to proceed. We reject Appellant’s assertion that the trial court did not make an independent determination. The record before us reflects that the court reviewed the evaluation, relied on it as permitted by the rales, and stated it was finding Appellant competent to proceed. *1289 It is undisputed, however, that the trial court failed to enter a written order of competency. Similar to our recent opinion in Hunter v. State, 40 Florida Law Weekly D1109 (Fla. 1st DCA May 12, 2015), we remand for the trial court to enter a nunc pro tunc order adjudicating Appellant competent to proceed.
AFFIRMED; REMANDED with directions.
THOMAS, WETHERELL, and RAY, JJ., concur.