IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JEREMY JAMES ODOM,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2107

Opinion filed March 8, 2016.

An appeal from the Circuit Court for Walton County.
 Kelvin C. Wells, Judge.

Nancy A. Daniels, Public Defender, and David Alan Henson, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      In this appeal of a judgment and sentence for burglary of a dwelling and grand theft, Appellant challenges the denial of his motion for judgment of acquittal and the imposition of a discretionary fine and surcharge as well as the imposition

of a $300 public defender lien. We affirm without discussion the denial of the motion for judgment of acquittal. The state correctly concedes that the trial court erred in imposing the discretionary fine and related surcharge and the public defender lien. Accordingly, we reverse these discretionary costs and remand for further proceedings.

In addition to the mandatory costs, the written judgment reflected a discretionary cost of $342.86 pursuant to section 775.083 and a surcharge of $17.14 pursuant to section 938.04. However, at sentencing, the trial court merely pronounced: "Court cost is 775, a hundred dollar Local Government Trust, a hundred cost of prosecution and $300 PD fee will be reduced to a judgment." Contrary to the trial court's order denying Appellant's rule 3.800(b)(2) motion, this pronouncement was insufficient to notify Appellant that such a fine and surcharge would be imposed. This court has held repeatedly that the fine authorized by section 775.083 is a discretionary fine which must be specifically pronounced at the sentencing hearing. See, e.g., Nix v. State, 84 So. 3d 424, 426 (Fla. 1st DCA 2012). The trial court may re-impose the discretionary fine and surcharge on remand after giving Appellant notice and following the proper procedure. See, e.g., id.; Oliver v. State, 75 So. 3d 349, 350 (Fla. 1st DCA 2011).

The trial court further erred in failing to provide Appellant an opportunity to contest the imposition of the public defender lien and application fee in excess of

the minimum statutory amount. Pursuant to sections 938.29(1)(a) and 27.52, the Legislature has required the imposition of a minimum fee of $100 for the assistance of the public defender's office and a $50 application fee. A notice and hearing are not required before imposition of this minimum lien amount. Mills v. State, 177 So. 3d 984, 988 (Fla. 1st DCA 2015) (en banc). However, because the trial court did not impose the minimum here, it was required to give Appellant notice and an opportunity to be heard before imposition. Therefore, we remand to the trial court to reduce the public defender lien to the minimum amount or to hold a hearing with proper notice to Appellant. See Maestas v. State, 76 So. 3d 991, 993 (Fla. 4th DCA 2011) (holding that $400 public defender lien was erroneously imposed and remanding for imposition of minimum lien amount or a hearing with proper notice).

AFFIRMED in part; REVERSED in part; REMANDED with directions.

WETHERELL, RAY, and KELSEY, JJ., CONCUR.

3