IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JULIAN O. BELIZAIRE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-3269

Opinion filed April 12, 2016.

An appeal from the Circuit Court for Duval County.
James H. Daniel, Judge.

Nancy A. Daniels, Public Defender, Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant appeals his convictions and sentences for two counts of sexual battery. Appellant asserts that the trial court (1) failed to conduct a proper competency hearing and enter a written order finding him competent to proceed after a prior adjudication of incompetency, (2) erred in denying his motion to

suppress his confession as the State failed to establish a knowing and voluntary waiver of his constitutional rights, and (3) fundamentally erred in allowing collateral crime evidence. We agree as to the first issue, and reverse and remand for a *nunc pro tunc* competency proceeding. We affirm the second and third issues without comment.

*Facts*

During a May 2013 hearing, when asked if he was satisfied with his counsel, Appellant raised his competency as an issue, claiming he had not received a psychiatric evaluation or received clearance. Appellant's counsel indicated that he had just come on to the case and asked for the chance to speak with his client. Discussing the issue with the court, counsel indicated that Appellant was claiming to have mental health difficulties that he had reported to his other counsel, and Appellant asserted that the court previously said he would be entitled to a mental health evaluation. The court denied this assertion, but informed Appellant that his two attorneys could order an evaluation if they deemed it necessary. Thereafter, an evaluation report by Appellant's expert was filed that, although finding Appellant to be acceptable as to almost all of the statutory factors, concluded that he was incompetent to proceed based on one statutory factor. In response, the State filed a motion for competency, requesting an examination. This request was granted, and the State subsequently filed a report from its expert who found Appellant

competent to proceed.

A competency proceeding was then held, with Appellant's counsel acknowledging receipt of the second report. During the hearing, the court indicated it had not read the first report, and the State reviewed those findings. The State questioned requesting this second evaluation, as Appellant's own expert found him competent on every statutory factor except one. Appellant's counsel asked for the opportunity to have his expert reevaluate Appellant, as his expert might change his opinion based on the second evaluation and it would alleviate the need for another hearing, and the court agreed. At the second competency hearing, Appellant's counsel stated that both the State's report and his expert's report indicated that Appellant was competent to proceed and they could move forward with the case. The court responded, "All right. So what we need now is just a trial date."

After this second competency hearing, no further discussions on his competency occurred, no order on competency was entered, and the case proceeded to trial. Appellant filed a pro se motion requesting law library privileges to assist in his defense, which was granted, and provided input multiple times throughout the jury selection and the trial. The jury found Appellant guilty as charged. Appellant then filed multiple pro se motions, including a motion for extension of time to file a motion for new trial, notice of appeal, statement of

judicial acts, and request for documents from the clerk of court.

*Analysis*

As we previously held in <u>Ross v. State</u>, 155 So. 3d 1259, 1259-60 (Fla. 1st

DCA 2015):

> Under Florida Rule of Criminal Procedure 3.210, a criminal prosecution may not move forward at any material stage, which includes entry of a plea, against a defendant who is incompetent to proceed. *Dougherty v. State*, 149 So.3d 672, 676–77 (Fla. 2014). In order to proceed against a defendant who has been adjudicated incompetent, the trial court first must hold a hearing to determine whether the defendant's competency has been restored, review evidence from experts during the hearing, make an independent determination that the defendant's competency has been restored, and enter a written order to that effect. <u>Id.</u> at 677–78. These requirements cannot be waived by a stipulation. <u>Id.</u> at 678.

Furthermore, as we recently indicated in <u>Reynolds v. State</u>, 177 So. 3d 296, 298

(Fla. 1st DCA 2015):

> If the trial court fails to hold a competency hearing or enter a written order of competency, reversal is required; however, a new trial . . . is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial or hearing. <u>Id.</u> at 679 (explaining that "a *nunc pro tunc* competency evaluation could be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing'") (quoting *Mason v. State*, 489 So.2d 734, 737 (Fla. 1986)); see also *Merriell v. State*, 169 So.3d 1287 (Fla. 1st DCA 2015); *Hunter v. State*, 174 So.3d 1011 (Fla. 1st DCA 2015); *Ross v. State*, 155 So.3d 1259 (Fla. 1st DCA 2015).

Here, the record does not demonstrate that the trial court conducted a formal

competency hearing or made a conclusive and independent oral or written finding

4

that Appellant had been restored to competency. We acknowledge that the trial court conducted more than one competency hearing and reviewed the reports with the parties, but we must interpret the court's statement of "All right" as simply accepting Appellant's counsel's stipulation that because both experts found Appellant competent, they could proceed with the trial. Based on the foregoing, we reverse and remand for a determination of whether the trial court can determine Appellant's competency *nunc pro tunc* or whether a new trial must be conducted.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

ROBERTS, C.J., WOLF and THOMAS, JJ., CONCUR.