DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTONIO JERMAINE PRESLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-683

[ June 29, 2016 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case Nos. 562012CF000473A, 562012CF002579A and 562012CF002723A.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Antonio Presley appeals the denial of his motions to withdraw his plea and vacate his sentences, arguing that the trial court fundamentally erred in holding a hearing on these motions without first holding a hearing to determine his competency. We agree and reverse for further proceedings consistent with this opinion.

Appellant was charged by information with eight crimes in three separate cases. In November 2012, appellant pled no contest to all his charges and agreed to perform substantial assistance, with the understanding that he would receive a minimum sentence of five years in prison regardless of how well he performed. The state informed appellant that it might seek an enhanced sentence and that the maximum sentence he faced was 55 years.

Appellant's plea form indicated that he had been treated for bipolar disorder in 2011. During the plea colloquy, appellant stated that he had been on medication in the past, but that he was not currently on

medication and he understood the plea. The trial court accepted his plea.

Before sentencing, two experts, Dr. Beltran and Dr. Landrum, evaluated appellant and found him incompetent to proceed. In June 2013, the trial court entered an agreed order adjudicating appellant incompetent to proceed and committing him to the Department of Children and Families ("DCF").

In early October 2013, Dr. Buse, a psychologist, evaluated appellant and determined that he was competent to proceed. The hospital administrator at appellant's mental health facility then sent the trial court a Notice of Restoration of Pre-Trial Competence, together with a Competency Evaluation Report prepared by Dr. Buse. The trial court issued an order to transport appellant to court for a status hearing.

At the status hearing in late October 2013, the trial court informed the parties that it was advised by DCF that appellant had been restored to competency and that he no longer met the criteria for continued commitment. Defense counsel requested a continuance to have appellant re-evaluated for competency before sentencing. The trial court granted the continuance.

At a status hearing in November 2013, defense counsel again requested a continuance for a re-evaluation of appellant. At the third status hearing, held in January 2014, defense counsel requested a continuance, this time to investigate appellant's mental state at the time he entered his plea to the charges.

Defense counsel later filed a motion to withdraw appellant's plea, alleging that appellant did not knowingly and voluntarily enter his plea because at the time of his plea he had been diagnosed as a paranoid schizophrenic and was not on his medications.

At the hearing, defense counsel presented testimony from appellant's parents and sister concerning appellant's history of mental illness. In addition, a forensic specialist who supervised appellant at the New Horizons mental health facility testified about appellant's diagnosis as a paranoid schizophrenic with depression and his treatment at the facility from July 2009 until January 2011. She discussed a psychological evaluation of appellant that was performed in December 2012, wherein he was described as thought-disordered and paranoid. However, she could not testify as to his level of competency at the time appellant entered his pleas.

The state presented two witnesses, a detective and appellant's trial counsel, who testified that appellant understood the terms of the plea and did not appear delusional.

In a written order, the trial court denied appellant's motion to withdraw plea, finding that "immediately preceding and contemporaneously with entering his plea the defendant was not suffering with any mental health illnesses that interfered with his ability to understand." The trial court further noted that appellant was declared to be incompetent and committed to a forensic hospital, but "was returned to this Court after his competency was restored and this Motion followed."

The court adjudicated appellant guilty on all counts and sentenced him to a cumulative total of 25 years in prison.

On appeal, appellant argues that after the trial court determined he was incompetent to proceed, it was required to hold a new hearing and adjudicate him competent before proceeding further. Appellant thus contends that the trial court committed fundamental error by holding a hearing on the motion to withdraw plea and sentencing appellant without first conducting a competency hearing.

The state responds that the trial court did not commit fundamental error in going forward with appellant's motion to withdraw his plea, because: (1) appellant was restored to competency; (2) the trial court reviewed the report determining that appellant had been restored to competency; (3) defense counsel agreed appellant was restored to competency; and (4) the trial court's statement at the October 2013 status hearing constituted an oral pronouncement that appellant was restored to competency.

The issue of whether the trial court fundamentally erred in failing to hold a competency hearing before proceeding on appellant's motion to withdraw and sentencing him presents a pure question of law and thus is subject to de novo review. *See Plott v. State*, 148 So. 3d 90, 93 (Fla. 2014) (stating that pure questions of law are reviewed de novo).

The state may not proceed against a person at any material stage of a criminal proceeding while the person is mentally incompetent. Fla. R. Crim. P. 3.210(a). Florida Rules of Criminal Procedure 3.210 through 3.212 establish "the required competency hearing procedures for determining whether a defendant is competent to proceed or has been restored to competency." *Dougherty v. State*, 149 So. 3d 672, 677 (Fla. 2014).

"An individual adjudicated incompetent is presumed to remain incompetent until adjudicated restored to competence." *Samson v. State*, 853 So. 2d 1116, 1116 (Fla. 4th DCA 2003). An incompetent defendant may be committed for treatment to restore his or her competence to proceed. Fla. R. Crim. P. 3.212(c)(3). "If, at any time after such commitment, the court decides, *after hearing*, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed." Fla. R. Crim. P. 3.212(c)(7) (emphasis added).

Accordingly, "when the court receives notice that a defendant has regained competence, the court shall hold a hearing to determine if a defendant is competent to proceed." *Roman v. State*, 163 So. 3d 749, 751 (Fla. 2d DCA 2015). A proper hearing to determine whether competency has been restored generally requires calling court-appointed expert witnesses, but where the parties and the trial court agree, the court "may decide the issue of competency on the basis of the written reports alone." *Dougherty*, 149 So. 3d at 677–78 (quoting *Fowler v. State*, 255 So. 2d 513, 515 (Fla. 1971)).

A defendant's legal status does not change merely because DCF makes a determination that the defendant has regained competency. *Erickson v. State*, 965 So. 2d 294, 295 (Fla. 5th DCA 2007). Likewise, "a defendant cannot stipulate that he is competent, particularly where he has been previously adjudicated incompetent during the same criminal proceedings." *Dougherty*, 149 So. 3d at 678. This is because "a defendant's stipulation to his own competency does not absolve the trial court from its duty to independently make a determination of a defendant's competency to proceed." *Id.* at 673; *accord Macaluso v. State*, 12 So. 3d 914, 915 (Fla. 4th DCA 2009) (holding that the trial court improperly decided the competency issue where defense counsel advised the court that the defendant's competency had been restored, and the trial court—without further hearing or evidence—declared defendant competent to proceed).

A status hearing may constitute a sufficient competency hearing if the court reviews a written competency evaluation at the parties' direction and makes an independent finding that the defendant is competent to proceed. *See Merriell v. State*, 169 So. 3d 1287, 1288 (Fla. 1st DCA 2015). For example, in *Hunter v. State*, 174 So. 3d 1011, 1014–15 (Fla. 1st DCA 2015), the First District held that a trial court made a sufficient oral determination of competency where the trial court affirmatively responded "Okay" to defense counsel's representation at a status hearing that the defendant was competent, the trial court had previously conducted a

competency hearing, and the court considered two reports from experts concluding that the defendant's competency was restored.

Our court, however, has reversed a finding of competency where the parties stipulated to the defendant's competency and the court conducted its own review of the doctor's report, but "neither party stipulated to the contents and admission of the doctor's report," and there was never "any form of agreement between the parties and the judge to decide the issue of competency on the basis of the written report alone." *S.B. v. State,* 134 So. 3d 528, 530 (Fla. 4th DCA 2014). We explained: "Although it can be argued that by stipulating to the report's determination of competency, the parties stipulated to the report and agreed to determine competency based on the report alone, there is nothing in the case law to suggest that such implicit stipulations and agreements are sufficient to satisfy rule 3.212." *Id.*

Here, the trial court did not hold the necessary competency hearing and make an independent determination of appellant's competency before conducting the hearing on appellant's motion to withdraw plea, which was a material stage of the criminal proceeding. In contrast to *Hunter,* the trial court's comments at the October 2013 status hearing cannot be construed as an oral determination of competency. The court merely acknowledged that it had been advised by DCF that appellant was restored to competency.

Likewise, the present case is distinguishable from *Merriell,* because in that case it can be inferred that the parties directed the court to decide the competency issue on the basis of a written report. In this case, there was never an agreement between the parties and the judge to decide the issue of competency on the basis of the written report alone. In fact, it is unclear from the record whether the trial court actually reviewed the expert's report declaring appellant competent to proceed. Moreover, while defense counsel did make representations below to the effect that appellant's competency had been restored, the court was not permitted to simply rely on defense counsel's representations. *See Shakes v. State,* 185 So. 3d 679, 682 (Fla. 2d DCA 2016) ("To the extent that the trial court relied on defense counsel's representation that Shakes was competent, such reliance is not permitted.").

The trial court's order denying the motion to withdraw plea stated that appellant "was returned to this Court after his competency was restored and this Motion followed." Contrary to the state's argument, this statement cannot be construed as the court's finding of competency.

The statement appears to refer merely to DCF's determination that appellant's competency was restored. The trial court did not make a finding of competency following an evidentiary hearing or the parties' agreement for the court to decide the competency issue on the basis of a written report. Indeed, the competency determination was made after the hearing on appellant's motion to withdraw his plea and, thus, came too late. We must therefore reverse the denial of appellant's motions to withdraw his plea and set aside his sentences.

We note, however, that appellant is not automatically entitled to a new hearing on his motion to withdraw plea and sentencing. Rather, where the issue of competency was inadequately determined below, a retroactive determination of competency may be possible where there are enough expert and lay witnesses who examined or observed the defendant contemporaneous with the relevant stage of the proceeding and are available to offer pertinent evidence at a retrospective hearing. *See Dougherty*, 149 So. 3d at 679.

On remand, the trial court should make a finding as to whether it can determine appellant's competency *nunc pro tunc* or whether new hearings on the motion to withdraw plea and the sentencing must be conducted. *See Belizaire v. State*, 188 So. 3d 933, 935–36 (Fla. 1st DCA 2016) ("Based on the foregoing, we reverse and remand for a determination of whether the trial court can determine appellant's competency *nunc pro tunc* or whether a new trial must be conducted."). If the trial court should find, for any reason, that an evaluation of appellant's competency at the time of the proceeding on the motion to withdraw plea cannot be conducted in such a manner as to assure appellant due process of law, the trial court should hold a new hearing on appellant's motion to withdraw plea contingent upon the trial court determining that he is competent to proceed. *See Dougherty*, 149 So. 3d at 679.

*Reversed and Remanded for further proceedings consistent with this opinion.*

MAY and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**