IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GERALD WAYNE SIMMONS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

  Appellant,

v.

CASE NO. 1D14-4411

STATE OF FLORIDA,

  Appellee.

_____/

Opinion filed August 16, 2016.

An appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

Nancy A. Daniels, Public Defender, Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Samuel Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

  We affirm without comment Appellant's conviction and sentence for burglary of a dwelling with a dangerous weapon and dealing in stolen property by trafficking. We accept the State's proper concession that the trial court erred in imposing a discretionary fine, surcharge, and imposition of a $300 public defender

lien. For the reasons that follow, we strike the specific fine, surcharge, and public defender lien/fee, and we remand for further proceedings.

The written judgment reflected a discretionary fee of $342.86 pursuant to section 775.083, Florida Statutes, and a $17.14 surcharge pursuant to section 938.04, Florida Statutes. At sentencing, however, the trial court only pronounced: "775 court costs, a hundred-dollar Local Governmental Trust, a hundred-dollar cost of prosecution, and a $300 P.D. fee will be reduced to a judgment." We find that this same oral pronouncement was made in another case where we reversed and remanded this same discretionary fine, surcharge, and public defender lien. See Odom v. State, 187 So. 3d 324, 325 (Fla. 1st DCA 2016). In Odom, we concluded that the oral pronouncement was insufficient to notify the appellant of the discretionary fine and surcharge pursuant to section 775.083, but noted that, on remand, the court may reimpose the discretionary fine and surcharge after giving notice and following the proper procedure. Id. at 325. We also held that the trial court erred in failing to provide the appellant the opportunity to contest imposition of the public defender lien and application fee in excess of the minimum statutory amount, and held:

> Pursuant to sections 938.29(1)(a) and 27.52, the Legislature has required the imposition of a minimum fee of $100 for the assistance of the public defender's office and a $50 application fee. A notice and hearing are not required before imposition of this minimum lien amount. *Mills v. State,* 177 So.3d 984, 988 (Fla. 1st DCA 2015) (en banc). However, because the trial court did not impose the minimum

2

here, it was required to give Appellant notice and an opportunity to be heard before imposition. Therefore, we remand to the trial court to reduce the public defender lien to the minimum amount or to hold a hearing with proper notice to Appellant. *See Maestas v. State,* 76 So.3d 991, 993 (Fla. 4th DCA 2011) (holding that $400 public defender lien was erroneously imposed and remanding for imposition of minimum lien amount or a hearing with proper notice).

Id. at 325-26. We find that our recent opinion in Odom controls this issue, and we reverse and remand for further proceedings, consistent with Odom.

AFFIRMED in part, REVERSED in part, and REMANDED.

B.L. THOMAS, WINOKUR, and JAY, JJ., CONCUR.