Kuntz, J.
D.B. (“Child”) appeals the circuit court’s adjudication of delinquency in four consolidated delinquency proceedings. He raises two issues on appeal. First, he argues the court erred in denying his motion for dismissal because, as he asserts, there was insufficient evidence to prove he had the specific intent to strike a school employee. Second, he argues the court erred in failing to make any findings regarding his competency even after it ordered a competency evaluation. We affirm as to the first issue without further discussion. However, we agree with the Child as to his second issue, vacate the court’s adjudication of delinquency, and remand for further proceedings.
During the proceedings, the Child’s . counsel moved for a determination of competency. The court found “reasonable grounds” to believe that the Child was not mentally competent to proceed, and appointed two experts to evaluate him. The Department of Juvenile Justice presented the competency evaluations at a “status” hearing; However, the Child contends, and the State agrees, that the court did not make any.findings regarding his competency—oral or written—after the evaluations from the DJJ were presented. This was error. ,
After the court ' found reasonable grounds to question the Child’s competency, it was required to hold a hearing and make findings of competency before it could proceed. Fla. R: Juv. Proc. 8.095(2), (3).
Generally, failing to find a defendant competent after previously finding reasonable grounds to question his competency would entitle the “defendant to receive a new trial, if deemed competent to proceed on remand.” Dougherty v. State, 149 So.3d 672, 678-79 (Fla. 2014). However, “a retroactive determination of competency may be possible where there are enough expert and lay witnesses who examined or observed the [juvenile] contemporaneous with the relevant stage of the proceeding and are available to offer pertinent evidence at a retrospective hearing,” A.L.Y. v. State, 212 So.3d 399, 404 (Fla. 4th DCA 2017) (citation omitted); see also Bain v. State, 211 So.3d 139, 140 (Fla. 4th DCA 2017).
We therefore vacate the court’s adjudication of delinquency. Oh remand the court should determine whether a nunc pro tunc competency determination can be made in a manner that comports with due process. If the court determines that a nunc pro tunc competency determination can be done, the court should do so in a written order and, if the Child is found competent, should subsequently re-impose the adjudication of delinquency. However, if the court determines that it is unable to make a nunc pro tunc competency determination in a manner that protects the due process rights of the Child, the court must adjudi *629 cate the Child’s current competency and may conduct a new adjudicatory proceeding only after the Child is determined to be competent.

Vacated and remanded for further proceedings.

Gross and Conner, JJ., concur.