PER CURIAM.
The judgment and sentence are affirmed, except that the trial court failed to enter a written order of competency under rule 3.212(b), Florida Rules of Criminal Procedure, which requires a written order regardless of any prior finding of incompetence. Accordingly, we remand with di *863 rections for the trial court to enter a written order memorializing its competency determination. ' See Fla. R. Crim. P. 3.212(b) (“If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed.”); see also Hunter v. State, 174 So.3d 1011, 1015 (Fla. 1st DCA 2016) (“Nevertheless, the record decidedly lacks a written order from the trial court adjudicating Hunter competent for trial, as required by rule 3.212(c)(7). As we did in Martinez, we simply remand to the trial court to enter the needed written adjudication nunc pro tunc.”); Merriell v. State, 169 So.3d 1287, 1289 (“It is undisputed, however,: that the trial court failed to enter a written order of competency. Similar to our recent opinion in [Hunter], we remand for the trial court to enter a nunc pro tunc order adjudicating Appellant competent to proceed.”).
AFFIRMED; REMANDED with directions.
ROBERTS, ROWE, and MAKAR, JJ.; CONCUR.