DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MATTHEW V. HAWKS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2403

[August 23, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312014CF000378A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The Defendant appeals his conviction and sentence, arguing the court erred when it failed to conduct a hearing and issue a written order determining his competency after previously finding reasonable grounds to question his competence. We agree, vacate the conviction and sentence, and remand for further proceedings.

### *Background*

In 2014, the State charged the Defendant by information with making a false report of placing a bomb or other deadly explosive with the intent to deceive. He pled no contest, and the court withheld adjudication and placed him on probation for five years.

One of the special conditions of his probation prohibited him from "accessing the Internet or other computer services with Internet access." After he accessed Facebook during his probationary period, the State issued an affidavit of violation of probation.

On two occasions his counsel moved for a competency determination and asked for a court-appointed physician to examine him. The court granted both motions, but the record does not contain any medical evaluations nor any indication as to what the Defendant's medical evaluations may have revealed.

The only reference to the Defendant's competency found in the record occurred during a change of plea hearing when the court asked him if he was taking any medication. The Defendant responded that he was taking "like six" psychotropic medications. The court noted the Defendant's prior mental health issues and then asked defense counsel whether there was an evaluation of the Defendant and whether he was competent. Counsel responded affirmatively to both questions. After this brief inquiry, the court accepted the change of plea and entered judgment against the Defendant. The court sentenced him to ten years in prison followed by two years of community control. This appeal followed.

### *Analysis*

The procedure for determining a defendant's competency is governed by Florida Rules of Criminal Procedure 3.210 through 3.215. We review the court's judgment and its compliance with these rules *de novo. Baker v. State*, 42 Fla. L. Weekly D1257 (Fla. 4th DCA May 31, 2017) (citation omitted).

Under Rule 3.210, "once a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing." *Monte v. State*, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011) (citing Fla. R. Crim. P. 3.210-3.212). The court's obligation is triggered upon its initial finding that occurs when it enters an order appointing an expert to evaluate a defendant's competency. *Id.*; *see also Moorer v. State*, 187 So. 3d 315, 317 (Fla. 1st DCA 2016). Rule 3.210 is clear and is designed to "safeguard a defendant's due process right to a fair trial and to provide the reviewing court with an adequate record on appeal." *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014).

Here, based upon two motions filed by defense counsel, the court determined it had reasonable grounds to question the Defendant's competency and appointed a physician to evaluate him. That finding triggered the court's obligation to conduct a competency hearing. The record does not indicate whether the court reviewed the evaluations it ordered or made any findings based upon any evaluations. Merely asking counsel whether the Defendant is competent was not sufficient to satisfy

2

Rule 3.210(b), which requires the court to hold a hearing to independently determine the Defendant's competency.

Further, Florida Rule of Criminal Procedure 3.212(b) "mandates the entry of a written order of competency." *Holland v. State*, 185 So. 3d 636, 637 (Fla. 2d DCA 2016) (citing *Dougherty*, 149 So. 3d at 677). Even if an evaluation indicates that a defendant is competent to proceed, the law requires the court to issue a written order finding the defendant competent. *Deferrell v. State*, 199 So. 3d 1056, 1061 (Fla. 4th DCA 2016). The court did not enter such a written order.

To summarize, Rule 3.210 is triggered when a court makes an initial determination that it has reasonable grounds to question the competency of a defendant. When that initial determination is made, the court must take the following three steps.

First, the court must enter an order that schedules a competency hearing, appoints experts to evaluate the defendant's competency, and satisfies the requirements of Rule 3.210(b)(4).[1]

Second, as required by Rule 3.212(b), the court must hold the scheduled hearing during which any party or the court may call the appointed experts to testify, and the parties may introduce any other evidence that has bearing on the defendant's competence.

Third, the court must issue a written order making findings as to the competency of the defendant as is specifically required by Rule 3.212(b).

In this case, while the court appointed an expert to evaluate the Defendant's competency, it did not hold the required hearing or issue an order making findings as to the Defendant's competency. This was error. Therefore, we vacate the court's judgment and sentence.

Now we turn to the proceedings on remand. "Generally, failing to find a defendant competent after previously finding reasonable grounds to question his competency would entitle the 'defendant to receive a new trial, if deemed competent to proceed on remand.'" *D.B. v. State*, 42 Fla. L. Weekly D1401 (Fla. 4th DCA June 21, 2017) (quoting *Dougherty*, 149 So.

---

[1] Rule 3.210(b)(4) mandates the order to "(A) identify the purpose or purposes of the evaluation, including the nature of the material proceeding, and specify the area or areas of inquiry that should be addressed by the evaluator; (B) specify the legal criteria to be applied; and (C) specify the date by which the report should be submitted and to whom the report should be submitted."

3d at 678–79). However, based upon statements of the Defendant's counsel to the court, there is some indication in the record that a competency evaluation was conducted. Therefore, a retroactive determination of competency may be possible if the expert and fact witnesses are able to testify based upon observations and conclusions made contemporaneously with the court's earlier adjudication. *Id.*; *see also A.L.Y. v. State*, 212 So. 3d 399, 404 (Fla. 4th DCA 2017); *Bain v. State*, 211 So. 3d 139, 140 (Fla. 4th DCA 2017).

In determining whether a *nunc pro tunc* evaluation is possible, the court must be mindful of the Defendant's due process rights and must not make a *nunc pro tunc* determination if those rights are not protected. *Baker*, 42 Fla. L. Weekly at D1258 (citing *A.L.Y.*, 212 So. 3d at 404). In that instance, the court must adjudicate his current competency and, if he is found competent, the court may proceed on the merits on the charges.

### *Conclusion*

When the court made the initial determination that it had reasonable grounds to question the Defendant's competency, it was required to hold a hearing and determine whether the Defendant was competent to proceed. Because the court failed to hold the requisite hearing and failed to enter an order finding the Defendant competent, we vacate the conviction and sentence and remand for further proceedings consistent with this opinion.

*Vacated and remanded for further proceedings.*

TAYLOR and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4