IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TITUS DICKEY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5773

Opinion filed August 15, 2017.

An appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

Kevin Robert Alvarez of Anabelle Dias, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.


PER CURIAM.

The judgment and sentence are affirmed, except that the trial court failed to enter a written order of competency under rule 3.212(b), Florida Rules of Criminal Procedure, which requires a written order regardless of any prior finding of incompetence. Accordingly, we remand with directions for the trial court to enter a written order memorializing its competency determination. See Fla. R. Crim. P. 3.212(b) ("If the court finds the defendant competent to proceed, the court shall

enter its order so finding and shall proceed."); see also Hunter v. State, 174 So. 3d 1011, 1015 (Fla. 1st DCA 2015) ("Nevertheless, the record decidedly lacks a written order from the trial court adjudicating Hunter competent for trial, as required by rule 3.212(c)(7). As we did in Martinez, we simply remand to the trial court to enter the needed written adjudication nunc pro tunc."); Merriell v. State, 169 So. 3d 1287, 1289 ("It is undisputed, however, that the trial court failed to enter a written order of competency. Similar to our recent opinion in [Hunter], we remand for the trial court to enter a nunc pro tunc order adjudicating Appellant competent to proceed.").

AFFIRMED; REMANDED with directions.

ROBERTS, ROWE, and MAKAR, JJ., CONCUR.