DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES ALBERT POLLOCK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2805

[May 9, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Dan L. Vaughn, Judge; L.T. Case No. 2017-CF-000257-A.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

In this case, appellant timely raised the issue of his competency before entering a nolo contendere plea. The trial court ordered appellant examined to determine competency. Appellant was found competent by the examiner. However, at the subsequent plea hearing, defense counsel noted that appellant "still had some issues." Without conducting a competency hearing or entering a written order on competency, the trial court accepted Appellant's plea, adjudicated him guilty, and imposed sentence. Appellant and the state agree that reversal is required, but disagree as to the proper remedy.

Florida Rule of Criminal Procedure 3.210 requires a court to conduct a competency hearing "once it has reasonable grounds to believe that a criminal defendant is not competent to proceed." *Hawks v. State*, 226 So. 3d 892, 893 (Fla. 4th DCA 2017) (citation omitted). Following such a hearing, Florida Rule of Criminal Procedure 3.212 requires a trial court to issue a written competency order. *Id.* at 894. The trial court here erred, as even after learning of the results of the competency evaluation, it was

required to hold a hearing to independently determine competency. *Id.* (citing Fla. R. Crim. P. 3.210(b)). We therefore reverse for the trial court to conduct a nunc pro tunc competency evaluation, if possible. *Id.* at 895. If a retroactive competency determination is impossible, the trial court should vacate the judgment and sentence and set the case for trial. *See id.*; *see also Dortch v. State*, Nos. 4D16-2815 and 4D16-2816, 2018 WL 1617082, at *2 (Fla. 4th DCA April 4, 2018).

*Reversed and remanded.*

LEVINE, CONNER and FORST, JJ., concur

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2