DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AUGUSTUS ROSE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1723

[June 6, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Dan L. Vaughn, Judge; L.T. Case No. 472013CF000579A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Augustus Rose appeals the denial of his motion to withdraw his plea and vacate his sentence, arguing that the trial court fundamentally erred in accepting his plea of nolo contendere without first holding a hearing to determine his competency. We agree and reverse and remand for further proceedings consistent with this opinion.

**Background**

Appellant was charged with burglary of a dwelling with assault or battery while armed, kidnapping with a weapon or firearm, abuse of a disabled adult, and possession of a firearm by a convicted felon. His defense counsel filed a motion to examine Appellant "on the issue of competence to proceed," with an assertion that the motion was made "in good faith and on reasonable ground to believe that [Appellant] is incompetent to proceed." The trial court granted the motion.

Nearly one year later, Appellant entered a "no contest" plea to all

charges. On his Felony Plea Form, it was noted that Appellant was prescribed medication for "mental health." His counsel further informed the court that Appellant had been treated in the past for mental illness and, after Appellant's arrest, a psychological examination had been performed. However, there was no discussion with respect to the details of this evaluation at either the change of plea or sentencing hearings. When questioned as to whether Appellant had been "deemed competent and not insane at the time of the offense," Appellant responded "[t]hat's what they said."

At the sentencing hearing, more details regarding Appellant's mental health history were presented to the trial court. This was the first opportunity for the judge to review the mental competency examination report. In arguing for a bottom of the guidelines sentence, defense counsel made note that Appellant had been "Baker-acted";[1] received in-patient mental health treatment; continues to be prescribed medication; and, continues to have mental health issues. The trial court made no further inquiries regarding Appellant's present mental fitness at either the change of plea or sentencing hearing. Appellant was sentenced to forty years in prison.

Subsequently, Appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.170(f) to withdraw his plea. In asserting that Appellant's agreement to enter the no contest plea was involuntary, the motion notes the trial court had been informed of Appellant's "mental health issues" and prior "mental health commitment." It further alleged that, at the time Appellant entered the plea agreement, he was taking four different medications, each of which "have either a sedative, neurological or psychological effect on a person." A hearing was then held on Appellant's motion. There, the court denied the motion and rejected Appellant's claims that he was impaired at the time he entered his plea ("There is no showing that any of this medication he claims he was taking affected his ability to understand the proceedings."). Appellant's appeal follows, with the allegation that the trial court reversibly erred when it did not conduct a competency hearing and enter a written order regarding competency before accepting Appellant's change of plea.

## Analysis

"The procedure for determining a defendant's competency is governed by Florida Rules of Criminal Procedure 3.210 through 3.215. We review

---

[1] The "Baker-acted" reference is to section 394.467, Florida Statutes (2013) ("the Baker Act").

2

the court's judgment and its compliance with these rules *de novo.*" *Hawks v. State*, 226 So. 3d 892, 893 (Fla. 4th DCA 2017).

> Once a trial court has reasonable grounds to believe the defendant is incompetent and orders an examination, it **must** hold a hearing, and it must enter a written order on the issue. *See* Fla. R. Crim. P. 3.210(b), 3.212(b). Failure to do so is fundamental error and requires reversal.

*Dortch v. State*, Nos. 4D16-2815, 4D16-2816, at *1 (Fla. 4th DCA Apr. 4, 2018) (emphasis added) (footnote omitted).

In *Hawks*, we set forth the "three steps" a trial court must take following "an initial determination that it has reasonable grounds to question the competency of a defendant." *Hawks*, 226 So. 3d at 894. The trial court followed none of these steps: it did not schedule a competency hearing; it did not hold a competency hearing; and it did not issue a written order making findings as to the defendant's competence.[2] Its failure to do so was fundamental error, regardless of whether there was a previous declaration or adjudication of incompetence or whether a motion to withdraw plea was filed and considered by the trial court. *See Dortch*, 4D16-2815, at *2. Thus, to the extent that Appellant failed to properly preserve the competency issue, either at the change of plea hearing, the sentencing hearing, or the motion to withdraw plea hearing, the purported failures are not fatal in our review of this issue.

The State appears to argue on appeal that the trial court's failure to hold the competency hearing mandated by Rule 3.210(b) is excusable because (1) Appellant "specifically agreed to his own competence," and (2) Appellant waived a competency hearing. As noted in the Background section of this opinion, Appellant did not "specifically agree[]"; rather, he merely acknowledged that the expert's report said he was competent. Moreover, it was Appellant, through defense counsel, who initiated the Rule 3.210(b) process when he moved for a mental competence examination and declared that the motion was made "in good faith and on reasonable ground to believe that [Appellant] is incompetent to proceed."

As to the purported waiver, a defendant may not waive his or her right to a competency hearing. *Williams v. State*, 169 So. 3d 221, 223 (Fla. 2d DCA 2015). "[E]ven an *express* waiver of a hearing does not comport with the statute." *Deferrell v. State*, 199 So. 3d 1056, 1061 (Fla. 4th DCA 2016)

---

[2] In its Answer Brief, the State concedes the trial court erred in failing to prepare a written order regarding competency.

(remanding for a competency hearing notwithstanding three mental competency examinations opining that the defendant was competent to proceed.).

In *Presley v. State*, 199 So. 3d 1014 (Fla. 4th DCA 2016), the trial court accepted defendant's no contest plea. *Id.* at 1016. As in the instant case, though at a different stage in the proceedings, the court was put on notice of the defendant's mental health history and treatment and had ordered an evaluation. *Id.* In both cases, the trial court failed to schedule or hold a competency hearing prior to conducting the next material stage of the proceedings. *Id.* Both the defendant in *Presley* and Appellant in the instant case filed a motion to withdraw plea on the basis that the defendant was incompetent at the time of entering the plea, and in both cases that motion was denied. *Id.* In both cases, "[t]he trial court did not make a finding of competency following an evidentiary hearing or the parties' agreement for the court to decide the competency issue on the basis of a written report." *Id.* at 1019.

We reversed the denial of the defendant's motions to withdraw his plea in *Presley*. We must do so in this case as well. "Under Rule 3.210, 'once a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing.'" *Hawks*, 226 So. 3d at 893 (quoting *Monte v. State*, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011)). Here, there were "reasonable grounds," but there was no competency hearing before the change of plea, and there was no written order making findings as to Appellant's competence. Accordingly, we reverse and remand.

On remand, the trial court must first discern whether it can determine Appellant's competence nunc pro tunc. *Dortch*, 4D16-2815, at *2; *Hawks*, 226 So. 3d at 894-95. "If the court finds Appellant was competent at the time of the plea hearing, it must enter a nunc pro tunc order, and the judgment and sentence need not change." *Sheheane v. State*, 228 So. 3d 1178, 1181 (Fla. 1st DCA 2017). If the trial court cannot make a retroactive determination or it finds Appellant was incompetent at the time of the plea hearing, it must grant Appellant's motion to withdraw plea, vacate Appellant's judgment and sentence, and determine or re-determine Appellant's competence to proceed.

## Conclusion

There were reasonable grounds to question the competency of Appellant, both prior to the change of plea hearing as well as after this hearing. The trial court's failure to schedule and hold a competency

4

hearing and issue a competency order constitutes fundamental error. This requires us to reverse the trial court's order denying Appellant's motion to withdraw plea and to remand for further proceedings.

*Reversed and Remanded for further proceedings consistent with this opinion.*

LEVINE and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***