FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D16-2327

_____

ROGER N. ROSIER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Wakulla County.
Dawn Caloca-Johnson, Judge.

September 5, 2018

PER CURIAM.

Roger N. Rosier was charged with resisting an officer with violence, but the trial court entered an order adjudicating him incompetent to proceed in October 2013. A report from Florida State Hospital subsequently deemed Rosier competent to stand trial and a hearing was set for July 9, 2014 (before the original trial judge), but was put off until August 14, 2014 (before a different trial judge). At the hearing, the parties stipulated to the evaluation report and Rosier's counsel agreed that Rosier was competent and wanted to proceed to trial. A jury found him guilty of a lesser charge; he was sentenced to time served and released from custody.

Rosier challenges the adequacy of the hearing at which it was determined that his competency had been restored. A judicial hearing on the competency of a previously incompetent defendant

cannot be based simply on stipulations and agreement of the lawyers.

> In order to proceed against a defendant who has been adjudicated incompetent, the trial court first must hold a hearing to determine whether the defendant's competency has been restored, review evidence from experts during the hearing, *make an independent determination that the defendant's competency has been restored*, and enter a written order to that effect.

*Ross v. State*, 155 So. 3d 1259, 1259 (Fla. 1st DCA 2015) (emphasis added); *see also Dougherty v. State*, 149 So. 3d 672, 678 (Fla. 2014) ("Accepting a stipulation improperly absolves the trial court from making an independent determination regarding a defendant's competency to stand trial."); *Belizaire v. State*, 188 So. 3d 933, 935 (Fla. 1st DCA 2016) (finding the trial court's acceptance of defense counsel's "stipulation that because both experts found [defendant] competent, they could proceed with the trial" to be insufficient). An independent judicial determination is required because a person adjudicated to be incompetent is presumptively incompetent until an adjudication that his competency has been restored. *Hunter v. State*, 174 So. 3d 1011, 1014 (Fla. 1st DCA 2015) (noting that a criminal prosecution may not proceed against an incompetent defendant).

Here, the competency hearing was perfunctory: the trial court asked only whether Rosier felt well ("I'm good. . . . A lot better."), and whether he was taking any medications or psychotropic drugs ("No ma'am."). With that, Rosier—diagnosed with severe mental illness and deemed incompetent and a harm to himself and others a year earlier—was pronounced competent and a standard order was issued. As in *Ross*, the adequacy of the competency hearing is not met because there is no indication that sufficient judicial review was done to form an "independent determination that the defendant's competency has been restored," as required. This is particularly so when the prosecutor and public defender both mistakenly believed—and had agreed the day before the hearing (without Rosier present)—that a competency determination could be done by stipulation (the prosecutor suggesting they do it that day). The public defender, who preferred a hearing the next day

with Rosier present, said the hearing would take only "thirty seconds" and the trial judge thought even less ("How long is it going to take, two seconds?"), which compounds the appearance that the hearing was simply to ratify the stipulation versus independently reviewing and determining whether Rosier's competency had been restored. And the evaluation report went unmentioned throughout the hearing, the trial judge neither discussing it nor stating she'd reviewed it. *Cf. Hunter*, 174 So. 3d at 1014-15 (where the trial court, "on the record, did consider the two reports from the forensic mental health specialists concluding that Hunter's competency was restored."). Her written order, which simply says the matter came before the court on the psychologist's report, doesn't show that the judge actually reviewed or relied on it. *Cf. Merriell v. State*, 169 So. 3d 1287, 1288 (Fla. 1st DCA 2015) (where "the court stated that it had reviewed the evaluation" and "relied on it as permitted by the rules" to find the defendant competent to proceed). Indeed, the order's nondescript language could just as easily support the appearance that the court was ratifying the stipulation.

The remedy for the inadequate competency hearing is to conduct a nunc pro tunc competency evaluation; if one cannot be done, the defendant must receive a new trial. *See Brooks v. State*, 180 So. 3d 1094, 1095 (Fla. 1st DCA 2015) ("[A] new trial is required only if the trial court is unable to conduct a *nunc pro tunc* evaluation of the defendant's competency at the time of the original trial.").

Finally, a discretionary fine and surcharge under section 775.083, Florida Statutes, was imposed on Rosier, but not orally pronounced at sentencing. The State concedes that the fine and surcharge must be stricken, but on remand the "trial court may reimpose the fine and surcharge after providing notice to [the defendant] and following the proper procedure." *Nix v. State*, 84 So. 3d 424, 426 (Fla. 1st DCA 2012); *see also Simmons v. State*, 196 So. 3d 1287, 1288 (Fla. 1st DCA 2016).

REVERSED and REMANDED for further proceedings.

MAKAR and BILBREY, JJ., concur; ROWE, J., concurring in part, dissenting in part with opinion.

3

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

ROWE, J., concurring in part, dissenting in part.

I concur with the majority's decision to strike the fine and surcharge imposed on Rosier without being orally pronounced. However, I dissent from the majority's determination that Rosier's competency hearing was inadequate.

The majority refers to the competency hearing conducted below as "perfunctory," but it fails to explain what the trial court could have or should have done differently. The law is well-settled that a competency hearing requires the trial court to consider expert testimony, either live or in written form, to make an independent determination of the defendant's competency, and to enter a written order. *Merriell v. State*, 169 So. 3d 1287, 1288 (Fla. 1st DCA 2015) (citing *Dougherty v. State*, 149 So. 3d 672, 677 (Fla. 2014)). It is permissible for a trial court to base a competency decision solely on the basis of the written reports. *Dougherty*, 149 So. 3d at 678.

Here, the record established that a competency hearing was scheduled after the trial court received a report from the experts at Florida State Hospital finding Rosier competent to proceed. At the hearing, defense counsel and Rosier stipulated to the findings contained in the report. The trial court proceeded to conduct what was admittedly a limited colloquy of Rosier. But the colloquy was sufficient for the court to learn that Rosier believed that he was doing "a lot better," that he was not taking any psychotropic medications, and that he believed he was okay. The trial court's written order, which was entered on the same day as the hearing, provided:

> THIS CAUSE having come before the Court on the report of Leslie Dellenbarger, Psy.D. Senior Psychologist,

4

Florida State Hospital of June 19, 2014, that the Defendant is competent to proceed, and the Court being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

1. The Defendant is currently competent to proceed to trial.

These facts demonstrate that the competency hearing was adequate. *See Hunter v. State*, 174 So. 3d 1011, 1014-15 (Fla. 1st DCA 2015) (affirming a finding of competency when a trial court affirmatively responded "Okay" to defense counsel's representation during a status hearing that the defendant was competent where court had previously conducted a competency hearing and the court considered the expert reports); *Merriell*, 169 So. 3d at 1288 (affirming a finding of competency made during a status hearing when the court stated that it had read the competency evaluations and specifically stated that it found the appellant competent to proceed).

Under these facts, I would affirm the order finding Rosier competent to proceed because the trial court held a hearing, referenced the expert reports, and spoke to Rosier before arriving at its independent determination that Rosier was competent to proceed to trial.

———————————————

Melissa Joy Ford, Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.