DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBBIE WILLIAM JOHNSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-935

[September 20, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 56-2015-CF-002154-B.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

The appellant, Robbie William Johnson, appeals his judgment and sentence, contending the trial court erred in five ways.[1]  We affirm on four of the issues without discussion.  However, we agree with his contention that the trial court erred by failing to make a competency determination prior to trial.   On that issue, we reverse and remand for further proceedings.

*Background*

---

[1] Johnson contends the trial court erred by (1) failing to conduct a competency hearing before proceeding to trial; (2) permitting evidence of his religious beliefs; (3) overruling his relevancy objection to evidence of his religious practices; (4) overruling his objection to the victim's testimony regarding the discovery of her mother's death; and (5) denying his motion for mistrial based on improper closing argument by the State.

The State charged Johnson with eighty-seven counts of sexual battery by a person with familial or custodial authority on a victim aged twelve or older but less than eighteen, for various sexual acts committed from January 2009 through July 2012.

Prior to trial, the trial court granted defense counsel's motion to appoint an expert to evaluate Johnson's competence. However, the order did not set a hearing date to determine competency. The appointed expert submitted a report finding Johnson competent to proceed. Trial counsel did not schedule a hearing on the motion, and the parties failed to address Johnson's competency at various pre-trial hearings.

A jury convicted Johnson on all counts as charged. The trial court entered a judgment and sentence imposing eighty-seven consecutive life sentences. Johnson gave notice of appeal.

*Appellate Analysis*

The issue of whether the trial court fundamentally erred in failing to hold a competency hearing "presents a pure question of law and thus is subject to de novo review." *Presley v. State*, 199 So. 3d 1014, 1017 (Fla. 4th DCA 2016).

Both parties acknowledge that the trial court did not hold a competency hearing after ordering a competency evaluation.

A court must conduct a competency hearing if, at any material stage of the criminal proceeding, it has "reasonable ground to believe that the defendant is not mentally competent to proceed." Fla. R. Crim. P. 3.210(b). "[T]he trial court has the responsibility to conduct a hearing for competency to stand trial whenever it reasonably appears necessary, whether requested or not, to ensure that a defendant meets the standard of competency." *Lane v. State*, 388 So. 2d 1022, 1025 (Fla. 1980). Florida Rule of Criminal Procedure 3.210(b) provides:

> (b) Motion for Examination. If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, *the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion,* and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the

2

state and the defendant may be present at any examination ordered by the court.

(emphasis added).

Johnson argues that because the trial court was required to conduct a competency hearing within twenty days of entering its order appointing an expert and a competency hearing was not conducted in conformity with Rule 3.210(b), reversal is required.

The State argues that "[i]n order to trigger the hearing requirement, the court must have a reasonable belief that Defendant *may* be incompetent to proceed." The State points out that the trial court's order does not indicate that it had a reasonable belief Johnson may be incompetent. The State alleges that the motion did not provide reasonable belief to the court, and "the order for evaluation may have been entered in an abundance of caution, merely in response to the filing of the motion."

However, speculation on the trial court's reasonable belief is unnecessary, because "a trial court's appointing experts to evaluate a defendant's competency suggests there were reasonable grounds to do so." *Silver v. State*, 193 So. 3d 991, 993 (Fla. 4th DCA 2016). The trial court's "order granting counsel's motion for a competency evaluation on its own compelled a competency hearing." *Baker v. State*, 221 So. 3d 637, 641 (Fla. 4th DCA 2017).

"Here, the trial court did not hold the necessary competency hearing and make an independent determination of appellant's competency . . . ." *Presley*, 199 So. 3d at 1018. However, as Johnson concedes, he is not automatically entitled to a new trial. "A new trial is not always necessary where the issue of competency was inadequately determined prior to trial; a retroactive determination of competency is possible." *Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014).

On remand, the trial court should make a finding as to whether it can determine Johnson's competency *nunc pro tunc*. *Presley*, 199 So. 3d at 1019. As we directed in *Baker*,

> [I]f the [trial] court can make a *nunc pro tunc* finding as to appellant's competency based upon the existence of evaluations performed contemporaneous with trial and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order. However, if the [trial] court finds, for any reason, that an

3

evaluation of appellant's competency at the time of trial cannot proceed in a way that ensures appellant's due process rights, then the [trial] court should adjudicate [his] current competency and, if [he] is competent, conduct a new trial on all counts.

*Baker*, 221 So. 3d at 641-42 (citations omitted).

*Affirmed in part, reversed in part, and remanded for further proceedings.*

LEVINE and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***