DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES A. MACHIN**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-2787

[January 9, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 562015CF000434AXXXXX.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

James Machin raises four issues in this appeal of his convictions, and we affirm three without comment. For his fourth issue, Machin argues the court erred when it failed to hold a hearing to evaluate his competency after appointing a competency expert. The State agrees that the record does not contain an order finding Machin competent to proceed and argues the "the proper course of action under the pertinent case law would be to remand this case to the trial court to make a nunc pro tunc competency evaluation." We agree in part with the State's recommendation, vacate Machin's convictions, and remand for a nunc pro tunc competency determination if such a determination is possible.

Before trial, Machin moved for the appointment of an expert to examine him for competency to proceed. *See* Fla. R. Crim. P. 3.210(b). The court granted the motion and appointed an expert who subsequently recommended the court find Machin competent to proceed. But the record does not include a transcript of an evidentiary hearing or a written order finding Machin competent to proceed.

The failure to hold a hearing or issue a written order finding Machin competent to proceed requires us to vacate Machin's convictions because "competency requires strict adherence to the Florida Rules of Criminal Procedure 3.210–212." *Dortch v. State*, 242 So. 3d 431, 432–33 (Fla. 4th DCA 2018) (en banc), *review granted*, No. SC18-681, 2018 WL 3635017 (Fla. July 11, 2018) (citations omitted). "And, once a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing." *Monte v. State*, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011) (citations omitted).

After finding reasonable grounds to question competency, a court must:

1) enter an order appointing experts and scheduling a competency hearing;

2) hold an evidentiary hearing; and

3) "issue a written order making findings as to the competency of the defendant as is specifically required by Rule 3.212(b)."

*Hawks v. State*, 226 So. 3d 892, 894 (Fla. 4th DCA 2017).

Generally, the failure to find a defendant competent after previously finding reasonable grounds to question his competency would entitle the defendant to a new trial. *Id.* (citation omitted). But a retroactive determination of competency may be possible in this case. *See, e.g., id.* at 894–95.

If the court determines a retroactive determination of competency is possible and finds Machin was competent to proceed, the court must reinstate the convictions. *See id.* at 895. But if the court determines a retroactive competency determination is impossible, the court must adjudicate his current competency and, if found competent, proceed to a new trial. *See id.*; *see also Dortch*, 242 So. 3d at 433.

*Vacated and remanded for further proceedings.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**