Per Curiam.
Competency and the requisite procedure to address the issue lie at the heart of this appeal. The defendant appeals his judgment and sentence after entering a nolo contendere plea. He argues the trial court erred in failing to hold a competency hearing and failing to enter an order on the issue prior to accepting his plea. We agree and reverse.
The State charged the defendant with possession of a firearm by a felon, dealing in stolen property, and giving false information to a pawnbroker. His attorney filed a written motion for a competency examination, pursuant to Florida Rule of Criminal Procedure 3.210(b). The motion indicated there were "reasonable grounds to believe" the defendant was incompetent, but did not articulate specific facts concerning the defendant's mental state. The motion indicated the defendant waived the required twenty-day hearing.
The trial court granted the motion and appointed an expert. The order included language reiterating the defendant's waiver of the hearing. It does not appear that an examination or a hearing on competency ever took place.
While incarcerated, the defendant was later charged with a new crime of aggravated assault by a detainee with a deadly weapon and introducing contraband into a county detention facility. His attorney did not move for a competency evaluation in the new case.
The defendant entered an open plea to both cases nearly a year after his initial arrest. The trial court accepted the plea and sentenced the defendant to ten years in prison. The defendant did not move to withdraw his plea. He now appeals the judgment and sentence in both cases.
He argues the trial court erred in failing to conduct a competency hearing, relying on Samson v. State , 853 So.2d 1116 (Fla. 4th DCA 2003). There, we held "[a]n individual adjudicated incompetent is presumed to remain incompetent until [ ] restored to competence." Id . at 1116.
Over the last several years, we have reviewed multiple cases involving the issue of competency. See, e.g. , Bain v. State , 211 So.3d 139 (Fla. 4th DCA 2017) ; Williams v. State , 178 So.3d 531 (Fla. 4th DCA 2015) ; R.C. v. State , 157 So.3d 458 (Fla. 4th DCA 2015) ; Burns v. State , 884 So.2d 1010 (Fla. 4th DCA 2004). Depending on the facts, procedural posture, and arguments made, our dispositions have varied, possibly giving the appearance of inconsistency at times. We write to clarify the law in this area.
One thing is certain: competency requires strict adherence to the Florida Rules of Criminal Procedure 3.210 - 212.
*433 Dougherty v. State , 149 So.3d 672, 677-78 (Fla. 2014) ; Deferrell v. State , 199 So.3d 1056, 1060-61 (Fla. 4th DCA 2016). Once a trial court has reasonable grounds to believe the defendant is incompetent and orders an examination, it must hold a hearing, and it must enter a written order on the issue. See Fla. R. Crim. P. 3.210(b), 3.212(b).[1] Failure to do so is fundamental error and requires reversal.
This means that to raise the issue of a failure to comply with Florida Rules of Criminal Procedure 3.210 - 212 on direct appeal, it is not necessary that a defendant first file a motion to withdraw plea under Florida Rule of Appellate Procedure 9.140(2)(A) in cases where the trial court has reasonable grounds to believe the defendant is incompetent and has ordered an examination. Indeed, the rules mandate a hearing and an order under such circumstances. This is true regardless of whether the defendant has previously been declared incompetent.[2] This mandate does not apply however if the trial court had no reasonable grounds to believe the defendant is incompetent.
To require a criminal defendant, who may be incompetent, to file a motion to withdraw a plea before raising the issue on appeal is unwarranted. If a defendant is incompetent, confining him to post-conviction relief, without the assistance of counsel, is not a remedy designed to do justice.
We therefore recede from our prior decisions in Burns , Williams , and R.C. to the extent they conflict with our holding. We certify conflict with the First, Third, and Fifth District Courts of Appeal in Pressley v. State , 227 So.3d 573 (Fla. 1st DCA 2017), Garcia-Manriquez , and Hicks .
Reversed and remanded for further proceedings consistent with this opinion. The trial court may determine the defendant's competence nunc pro tunc if possible. Hawks v. State , 226 So.3d 892, 894-95 (Fla. 4th DCA 2017). If the trial court cannot do so, the judgment and sentence should be vacated and the case set for trial.
Reversed and Remanded .
Gerber, C.J., Warner, Gross, Taylor, May, Damoorgian, Ciklin, Levine, Conner, Klingensmith, and Kuntz, JJ., concur.
Forst, J., concurs specially with opinion.

Rule 3.210(b) provides:
If, at any material stage of a criminal proceeding, the court ... has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing.
Rule 3.212(b) provides: "The court shall first consider the issue of the defendant's competence to proceed. If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed."

We note that we and other District Courts of Appeal have previously required the defendant to file a motion to withdraw a plea before pursuing the competency issue on appeal if the defendant had not previously been found incompetent. See Burns , 884 So.2d at 1012-13 ; Garcia-Manriquez v. State , 146 So.3d 134, 134 (Fla. 3d DCA 2014) ; Hicks v. State , 915 So.2d 740, 741 (Fla. 5th DCA 2005). The First and Second Districts have however reversed judgments and sentences on this issue even without a prior adjudication of incompetency. See Carrion v. State , 235 So.3d 1051 (Fla. 2d DCA 2018) ; Sheheane v. State , 228 So.3d 1178, 1179 (Fla. 1st DCA 2017).