# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**VOLMIR CHARLES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-248

[May 16, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 14-014129-CF10A.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant, Volmir Charles, was charged with robbery with a firearm, possession of a firearm by a felon, two counts of armed false imprisonment and aggravated assault with a firearm. While in custody and with the aid of a fellow inmate, Appellant wrote a letter asking the court to appoint an expert who would aid him in dealing with "the voices in my head and my hallucinations." Subsequently, Appellant's counsel filed a motion for a mental examination based on the good faith and reasonable grounds that the Appellant was not competent to proceed to trial. On the same day, the trial court entered an order appointing an expert to determine the Appellant's competency. Thereafter, a second expert was appointed to determine Appellant's competency. The record does not show that either expert filed a formal report regarding the evaluation of the Appellant's competency.

Three months after the competency experts were appointed, Appellant entered a plea of no contest to all charges against him. The trial court accepted the Appellant's plea agreement and sentenced him to prison. At

the plea and sentencing hearing, the trial court judge did not make inquiries into Appellant's competency evaluation. After a number of general questions, the judge deemed the Appellant, "alert and intelligent," and accepted his plea of no contest.

After being sentenced, Appellant filed a timely *pro se* notice of appeal. Counsel was appointed to represent Appellant on appeal.

As we recently made clear in *Dortch v. State,*

> One thing is certain: competency requires strict adherence to the Florida Rules of Criminal Procedure 3.210-212. *Dougherty v. State,* 149 So. 3d 672, 677-78 (Fla. 2014); *Deferrell v. State,* 199 So. 3d 1056, 1060-61 (Fla. 4th DCA 2016). Once a trial court has reasonable grounds to believe the defendant is incompetent and orders an examination, it must hold a hearing, and it must enter a written order on the issue. *See* Fla. R. Crim. P. 3.210(b), 3.212(b). Failure to do so is fundamental error and requires reversal.

(__ So. 3d ____, 2018 WL 1617082, at *1 (Fla. 4th DCA Apr. 4, 2018)) We also remind trial courts that once an expert is appointed to determine the competence of a defendant, a trial court "cannot dispense with its duty to make an independent determination about a defendant's competency, and must enter a written order if the defendant is found competent to proceed." *Dougherty,* 149 So. 3d at 679.

The State has properly conceded error in this case. We therefore remand this case to the trial court to determine whether a *nunc pro tunc* competency determination can be made. *Id.*; *A.L.Y. v. State,* 212 So. 3d 399, 404 (Fla. 4th DCA 2017). If on remand the trial court is able to make a *nunc pro tunc* finding as to Appellant's competency "in a manner which comports with due process considerations, then it should do so and enter a written order accordingly." *A.L.Y.,* 212 So. 3d at 404. On the other hand, if the trial court should find, for any reason, that an evaluation of Appellant's competency at the time of the plea and sentencing hearing cannot be conducted in such a manner as to assure due process of law, then the trial court must vacate the judgment and sentence and appropriate evaluations must be made to determine Appellant's competence to proceed. *Id.*

*Reversed and remanded for proceedings consistent with this opinion.*

WARNER and KUNTZ, JJ., concur.

*         *         *

*Not final until disposition of timely filed motion for rehearing.*