DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENNETH W. POLLARD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1803

[September 5, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 56-2014-CF-001071-A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Kenneth W. Pollard appeals his convictions and sentences after a jury found him guilty of six felony charges.

Prior to trial, defense counsel moved for a competency determination pursuant to Florida Rule of Criminal Procedure 3.210(b). The trial court appointed an expert to examine Pollard. However, the record does not indicate that any competency hearing was held prior to trial, nor does the record contain any competency evaluation conducted by the appointed expert prior to the trial or an order determining Pollard's competence prior to trial.

At the beginning of the sentencing hearing, defense counsel advised the trial court that Pollard was contending the sentencing could not proceed because he was not "Kenneth Pollard" and he was objecting to the presentence investigation report discussing "Kenneth Pollard." After being sworn in, Pollard contended he was a man with a different name. Notably, defense counsel advised the trial court that prior to trial, Pollard had been

determined competent after a prior court-appointed counsel had him evaluated. However, Pollard's seemingly strange behavior at the sentencing hearing prompted the trial court to order another competency evaluation, and sentencing was postponed. After the post-trial evaluation determined Pollard was competent to proceed, the sentencing hearing resumed. At the beginning of the resumed sentencing hearing, the trial court determined that Pollard was competent before imposing his sentences. Thereafter, Pollard gave notice of appeal.

"The issue of '[w]hether the circuit court fundamentally erred in failing to hold a competency hearing presents a pure question of law subject to *de novo* review.'" *Baker v. State*, 221 So. 3d 637, 639 (Fla. 4th DCA 2017) (alteration in original) (quoting *A.L.Y. v. State*, 212 So. 3d 399, 402 (Fla. 4th DCA 2017)).

The parties agree that the trial court erred in failing to conduct a competency hearing and to make a competency determination prior to trial, after previously ordering a competency evaluation. *See id.* at 641; *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014); *Deferrell v. State*, 199 So. 3d 1056, 1060-61 (Fla. 4th DCA 2016). However, Pollard is not automatically entitled to a new trial. "A new trial is not always necessary where the issue of competency was inadequately determined prior to trial; a retroactive determination of competency is possible." *Dougherty*, 149 So. 3d at 679. As we have previously instructed:

> [I]f the [trial] court can make a *nunc pro tunc* finding as to appellant's competency based upon the existence of evaluations performed contemporaneous with trial and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order. However, if the court finds, for any reason, that an evaluation of appellant's competency at the time of trial cannot proceed in a way that ensures appellant's due process rights, then the [trial] court should adjudicate [his] current competency and, if [he] is competent, conduct a new trial on all counts.

*Baker*, 221 So. 3d at 641-42 (citations omitted).

In this case, defense counsel represented at the sentencing hearing that prior to her appointment, an evaluation had been conducted before trial, and Pollard was found to be competent. Though no competency evaluation report is included in the record on appeal, the record does contain a receipt indicating a competency evaluation was performed. Therefore, there are

indications in the record that a competency evaluation was performed on Pollard prior to trial and that he was deemed competent to proceed.

Therefore, we remand the case for the trial court to decide whether it can determine Pollard's competency *nunc pro tunc* in accordance with our prior decisions.

*Remanded with instructions.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3