DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES A. MACHIN**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-2787

[April 10, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 562015CF000434AXXXXX.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

*ON MOTION FOR REHEARING EN BANC*

KUNTZ, J.

The State of Florida moves for rehearing and rehearing en banc. We grant the motion for rehearing en banc on the narrow issue of the proper disposition of an appeal when this Court determines the circuit court failed to hold a competency hearing or enter an order adjudicating competency after previously finding reasonable grounds to question the defendant's competency. On that issue, we are bound to conclude that the proper disposition is to remand the case for further proceedings. *See Fowler v. State*, 255 So. 2d 513, 515 (Fla. 1971).

As the panel opinion explained, before trial, Machin moved for the appointment of an expert to examine him for competency to proceed. *See* Fla. R. Crim. P. 3.210(b). The circuit court granted the motion and appointed an expert who then recommended the court find Machin competent to proceed. But the record does not include a transcript of an evidentiary hearing or a written order finding Machin competent to

proceed. The panel held the court erred when it failed to find Machin competent to proceed after previously questioning his competence. The panel vacated the court's judgment and remanded the case for the court to determine whether it could conduct a nunc pro tunc competency evaluation. If so, the panel instructed the circuit court to do so and reinstate the judgment. If a nunc pro tunc competency evaluation could not be completed, the panel instructed the court to adjudicate Machin's current competency and, if found competent, proceed to a new trial. Based on these remand instructions, the panel vacated and remanded Machin's conviction and sentence.

The State now moves for rehearing en banc, arguing the panel prematurely vacated the conviction and, in so doing, conflicted with *Dortch v. State*, 242 So. 3d 431, 433 (Fla. 4th DCA 2018) (en banc), *review granted*, No. SC18-681, 2018 WL 3635017 (Fla. July 11, 2018). In *Dortch*, the en banc Court provided similar instructions but reversed the conviction and sentence as opposed to vacating it. 242 So. 3d at 433. The State also cites other cases in which this Court simply remanded the case, neither vacating the conviction nor reversing it. *See, e.g., Charles v. State*, 246 So. 3d 436, 437–38 (Fla. 4th DCA 2018); *Ramsay v. State*, 259 So. 3d 132, 133 (Fla. 4th DCA 2018); *Pollard v. State*, 254 So. 3d 984, 986 (Fla. 4th DCA 2018).

We agree that the disposition in the panel opinion is inconsistent with the cases cited by the State and, particularly, the Court's recent en banc opinion in *Dortch*. We also believe the disposition language in *Dortch* is inconsistent with controlling authority from the Florida Supreme Court. *See Fowler*, 255 So. 2d at 515–16.

In *Fowler*, the Florida Supreme Court held that the circuit court erred when it failed to hold a hearing before determining the defendant's competency. *Id.* at 515. But that conclusion did "not require vacation of the judgment and sentence entered against defendant at this time." *Id.* (citing *Knight v. State*, 164 So. 2d 229 (Fla. 3d DCA 1964); *United States v. Walker*, 301 F.2d 211 (6th Cir. 1962)). Instead, the Florida Supreme Court remanded the case to the circuit court to determine whether it could make a nunc pro tunc competency determination. *Id.* If not, the circuit court was directed to vacate the conviction. *Id.* If so, the circuit court was directed to make the nunc pro tunc competency determination and return the case to the Florida Supreme Court. *Id.*

The Florida Supreme Court itself has not strictly adhered to *Fowler*'s holding. *See, e.g., Tingle v. State*, 536 So. 2d 202, 204 (Fla. 1988) ("Therefore, because Tingle was entitled to a hearing on his competency to

2

stand trial, we vacate the conviction and sentence and remand for retrial after it has been determined that he is competent to stand trial." (footnote omitted)); *Hill v. State,* 473 So. 2d 1253, 1254 (Fla. 1985) ("For the reasons expressed, we find that principles of law enunciated by the United States Supreme Court require us to vacate Hill's conviction and sentence and remand with directions for the trial court to conduct a hearing on the issue of Hill's competency to stand trial and, if Hill is found competent, to proceed with a new trial."); *Scott v. State,* 420 So. 2d 595, 598 (Fla. 1982) ("[T]his Court believes that a new hearing is required to ascertain appellant's present competency to stand trial. Accordingly, the conviction and sentence are vacated. Upon his being found competent to stand trial, appellant may be retried."); *Lane v. State,* 388 So. 2d 1022, 1029 (Fla. 1980) ("For the reasons expressed in this opinion, we vacate the judgment and sentence.").[1]

And while we initially adhered to *Fowler,* our recent decisions have, at best, inconsistently done so.

In some cases, we remanded with instructions, as *Fowler* instructs us to do. *See, e.g., Ramsay v. State,* 259 So. 3d 132, 133 (Fla. 4th DCA 2018); *Pollard v. State,* 254 So. 3d 984, 986 (Fla. 4th DCA 2018); *Williams v. State,* 219 So. 3d 895, 896 (Fla. 4th DCA 2017); *Parks v. State,* 290 So. 2d 562, 564 (Fla. 4th DCA 1974); *see also Burney v. State,* 247 So. 3d 650, 652 (Fla. 5th DCA 2018).

But in other cases, we have followed the more recent decisions from the Florida Supreme Court and vacated and remanded the defendant's conviction and sentence. *See, e.g., D.B. v. State,* 222 So. 3d 627, 628–29 (Fla. 4th DCA 2017); *Hawks v. State,* 226 So. 3d 892, 895 (Fla. 4th DCA 2017); *Silver v. State,* 193 So. 3d 991, 992 (Fla. 4th DCA 2016); *Johnson v. State,* 756 So. 2d 215, 215 (Fla. 4th DCA 2000).

In another group of cases, we "reversed and remanded" the defendant's conviction and sentence. *See, e.g., Charles v. State,* 246 So. 3d 436, 438 (Fla. 4th DCA 2018); *Hernandez v. State,* 246 So. 3d 443, 445 (Fla. 4th DCA 2018); *Pollock v. State,* 246 So. 3d 435, 436 (Fla. 4th DCA 2018); *Dortch v. State,* 242 So. 3d 431, 433 (Fla. 4th DCA 2018) (en banc); *Raithel v. State,* 226 So. 3d 1028, 1032 (Fla. 4th DCA 2017); *Jackson v. State,* 810 So. 2d 545, 547 (Fla. 4th DCA 2002); *see also Culbreath v. State,* 903 So. 2d 338, 340 (Fla. 2d DCA 2005).

---

[1] In another case, the Florida Supreme Court reversed the trial court's order and vacated the defendant's judgment and sentence. *Jones v. State,* 740 So. 2d 520, 525 (Fla. 1999).

Finally, the Second District has taken a fourth approach, but one similar to *Fowler*. *See, e.g., Moulton v. State*, 230 So. 3d 934, 938–39 (Fla. 2d DCA 2017). The Second District cited *Fowler* and relinquished jurisdiction to the circuit court to hold a competency hearing, *id.* at 939, which closely resembles the procedure in *Fowler*.

These varied approaches achieve a similar result. In each, the circuit court is required to determine whether it can make a nunc pro tunc competency determination. But that is exactly what was at issue in *Fowler*, 255 So. 2d at 515–16, and the Florida Supreme Court does not reverse itself sub silentio, *Puryear v. State*, 810 So. 2d 901, 905 (Fla. 2002) ("We take this opportunity to expressly state that this Court does not intentionally overrule itself sub silentio.").

As a result, we are bound to apply *Fowler*. In cases where the circuit court finds reasonable grounds to question a defendant's competency and does not subsequently hold a hearing or make a written finding of competency, *see* Fla. R. Crim. P. 3.210(b), we will temporarily remand the case to the circuit court with specific instructions. We will direct that within sixty days, the circuit court shall hold a hearing and issue an order determining whether a nunc pro tunc competency evaluation is possible. There are multiple potential paths on remand:

1) If the circuit court determines a nunc pro tunc competency determination is not possible, the court must vacate the defendant's conviction and sentence. The appeal in this Court will be dismissed as moot. In this circumstance, the circuit court must hold a competency hearing, *Fowler*, 255 So. 2d at 515–16, with two possible outcomes:

   a. If the court finds the defendant is presently competent, a new trial or plea hearing must be held. *Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014) (quoting *Mason v. State*, 489 So. 2d 734, 737 (Fla. 1986)).

   b. If the court finds the defendant is presently incompetent, the court must proceed in accordance with Florida Rules of Criminal Procedure 3.212 to 3.215 and other applicable law. *See, e.g., Dougherty*, 149 So. 3d at 677.

2) If the circuit court determines a nunc pro tunc competency determination is possible:

a. And if the court finds the defendant was competent at time of judgment, it must (1) enter an order finding the defendant competent at the time of judgment; and (2) return the record to this Court. *Fowler*, 255 So. 2d at 515. The appeal in this Court will then proceed.

b. And if the court finds the defendant was incompetent at the time of judgment but is now competent, it must (1) vacate the defendant's conviction and sentence; and (2) hold a new trial or plea hearing. *Fowler*, 255 So. 2d at 515–16. The appeal in this Court will be dismissed as moot.

c. And if the court finds that the defendant was incompetent at the time of judgment and remains incompetent, the court must vacate the defendant's conviction and sentence. *Fowler*, 255 So. 2d at 516. The appeal in this Court will be dismissed as moot. The circuit court must then proceed in accordance with Florida Rules of Criminal Procedure 3.212 to 3.215 and other applicable law. *See, e.g.*, *Dougherty*, 149 So. 3d at 677.

In this case, the portion of the panel decision vacating the conviction and sentence is withdrawn.[2] The case is temporarily remanded to the circuit court. Within sixty days, the circuit court must hold a hearing and make a written determination as to whether it can make a nunc pro tunc determination of Machin's competency. Depending on the outcome, the circuit court shall proceed with one of the paths as outlined above. Any order rendered on remand relating to Machin's competency shall be filed with this Court.

*Remanded for further proceedings.*

GERBER, C.J., WARNER, DAMOORGIAN, CIKLIN, LEVINE, CONNER, FORST and KLINGENSMITH, JJ., concur.

MAY, J., concurs in part and dissents in part with opinion, in which GROSS and TAYLOR, JJ., concur.

---

[2] We do not disturb the remainder of the panel opinion.

MAY, J., concurring in part and dissenting in part.

The State's motion for rehearing and rehearing en banc has caused a great debate about the disposition language employed when a court determines the trial court erred in not complying with Florida Rule of Criminal Procedure 3.210(b). It has caused reflection on the meaning of the terms: reverse, remand, relinquish, and vacate. I completely agree with the majority that we have not been consistent in our use of the terms, and apparently without causing much trouble over the decades. I also agree that we should be consistent and that the issue should be addressed.

Where I part company with the majority is what we should do about it. In my view, if the trial court has erred, then we must reverse that decision. We then remand the case to the trial court to correct the error.

In this case, I would reverse and remand for the trial court to determine if it can decide the competency issue nunc pro tunc. If the court decides the defendant was competent, there is no need to vacate the judgment. If the court decides either that it cannot make the competency determination nunc pro tunc or that the defendant was incompetent, then the court must vacate the conviction and proceed accordingly. There simply is no reason for the trial court to vacate the conviction before the competency decision is made.

I disagree that we should simply remand the case for a specified period of time for the trial court to determine competency. This procedure keeps the case lingering in our court, puts pressure on the trial court to hurry the process, only for the outcome to potentially result in a dismissal of the appeal. We could just as easily relinquish jurisdiction for that purpose. In either event, we face the potential of motions to extend the time, the transferring of records between the courts, and a myriad of logistical problems that may arise.

If we simply reverse and remand the case, the record can be returned to the trial court, which can take control of the case so that it may render its competency decision in an orderly fashion without arbitrary time frames dictated by us. This also avoids us from being immersed in a case that does not need our involvement. And, there is nothing further for us to do once we have remanded the case. This is also consistent with our direction in *Dortch v. State*, 242 So. 3d 431, 433 (Fla. 4th DCA 2018) (en banc), *review granted*, No. SC18-681, 2018 WL 3635017 (Fla. July 11, 2018).

GROSS and TAYLOR, JJ., concur.

6

\* \* \*

*FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.*