May, J., concurring in part and dissenting in part.
The State's motion for rehearing and rehearing en banc has caused a great debate about the disposition language employed when a court determines the trial court erred in not complying with Florida Rule of Criminal Procedure 3.210(b). It has caused reflection on the meaning of the terms: reverse, remand, relinquish, and vacate. I completely agree with the majority that we have not been consistent in our use of the terms, and apparently without causing much trouble over the decades. I also agree that we should be consistent and that the issue should be addressed.
Where I part company with the majority is what we should do about it. In my view, if the trial court has erred, then we must reverse that decision. We then remand the case to the trial court to correct the error.
In this case, I would reverse and remand for the trial court to determine if it can decide the competency issue nunc pro tunc. If the court decides the defendant was competent, there is no need to vacate the judgment. If the court decides either that it cannot make the competency determination nunc pro tunc or that the defendant was incompetent, then the court must vacate the conviction and proceed accordingly. There simply is no reason for the trial court to vacate the conviction before the competency decision is made.
I disagree that we should simply remand the case for a specified period of time for the trial court to determine competency. This procedure keeps the case lingering in our court, puts pressure on the trial court to hurry the process, only for the outcome to potentially result in a dismissal of the appeal. We could just as easily relinquish jurisdiction for that purpose. In either event, we face the potential of motions to extend the time, the transferring of records between the courts, and a myriad of logistical problems that may arise.
If we simply reverse and remand the case, the record can be returned to the *1103 trial court, which can take control of the case so that it may render its competency decision in an orderly fashion without arbitrary time frames dictated by us. This also avoids us from being immersed in a case that does not need our involvement. And, there is nothing further for us to do once we have remanded the case. This is also consistent with our direction in Dortch v. State , 242 So.3d 431, 433 (Fla. 4th DCA 2018) (en banc), review granted , No. SC18-681, 2018 WL 3635017 (Fla. July 11, 2018).
FINAL UPON RELEASE; NO MOTION FOR REHEARING WILL BE ENTERTAINED; MANDATE ISSUED SIMULTANEOUSLY WITH OPINION.
Gross and Taylor, JJ., concur.