DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JASMINE CLARISE LITTLE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2611

[May 8, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case No. 432015CF000236A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Jasmine Little appeals her conviction and sentence as an adult for aggravated battery on specified officials or employees. Although she raises three issues on appeal, we will only address Little's contention that the trial court erred in failing to hold a competency hearing or enter an order on competency after appointing an expert to determine her competency. On this point, we agree. We affirm on the other issues.

While a resident at Martin Girls Academy, a high and maximum-risk Department of Juvenile Justice program, Little threw a shelf at an instructor, hitting her in the face and causing injury. The State direct-filed the case in adult court pursuant to section 985.557(1)(a), Florida Statutes (2016). The trial court found Little incompetent to proceed based on evaluations from two doctors. Consequently, she was committed for competency restoration.

Three months later, a third doctor found Little competent to proceed, resulting in her discharge from commitment. Shortly thereafter, the

defense moved for another competency evaluation, but this time the court found her competent and entered a written order *nunc pro tunc* based on that evaluation.

In September 2016, defense counsel again moved for an evaluation of Little's competency. The trial court granted the motion and appointed a doctor to conduct the evaluation. However, the record does not contain any reference to, or transcript of, a competency hearing held on that motion, nor is there a written order after the September 2016 motion finding Little competent.

Ultimately, Little pled no contest to the charges and requested a juvenile sentence. The trial court denied her request and sentenced her to adult sanctions, which included two years of house arrest followed by eight years of probation. This appeal follows.

"The procedure for determining a defendant's competency is governed by Florida Rules of Criminal Procedure 3.210 through 3.215. We review the court's judgment and its compliance with these rules *de novo*." *Hawks v. State*, 226 So. 3d 892, 893 (Fla. 4th DCA 2017).

In *Hawks*, this court stated:

> Under Rule 3.210, "once a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing." *Monte v. State*, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011) (citing Fla. R. Crim. P. 3.210–3.212). The court's obligation is triggered upon its initial finding that occurs when it enters an order appointing an expert to evaluate a defendant's competency. *Id.*; *see also Moorer v. State*, 187 So. 3d 315, 317 (Fla. 1st DCA 2016). Rule 3.210 is clear and is designed to "safeguard a defendant's due process right to a fair trial and to provide the reviewing court with an adequate record on appeal." *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014).
>
> . . . .
>
> Further, Florida Rule of Criminal Procedure 3.212(b) "mandates the entry of a written order of competency." *Holland v. State*, 185 So. 3d 636, 637 (Fla. 2d DCA 2016) (citing *Dougherty*, 149 So. 3d at 677). Even if an evaluation indicates that a defendant is competent to proceed, the law

2

> requires the court to issue a written order finding the defendant competent. *Deferrell v. State,* 199 So. 3d 1056, 1061 (Fla. 4th DCA 2016).

226 So. 3d at 893–94.

Here, the trial court entered an order appointing an expert to evaluate Little's competency. "[O]nce a trial court has reasonable grounds to question competency, the court 'has no choice but to conduct a competency hearing.'" *Cotton v. State,* 177 So. 3d 666, 668 (Fla. 1st DCA 2015) (quoting *Monte,* 51 So. 3d at 1202); *accord* Fla. R. Crim. P. 3.210(b). When a court fails to conduct such a competency hearing, it violates the requirements of rules 3.210 and 3.212 and thus, violates due process. *See Dougherty,* 149 So. 3d at 679; *accord Moulton v. State,* 230 So. 3d 934, 938 (Fla. 2d DCA 2017). The same holds true where a defendant's competency to enter a plea is at issue. *See Charles v. State,* 246 So. 3d 436, 437 (Fla. 4th DCA 2018) (stating that the State "properly conceded error" where the trial court imposed judgment and sentence after a plea although it made no competency finding).

As in *Charles,* the State also concedes error in this case. *See id.* The trial court never conducted a competency hearing or entered a written order determining competency after it ordered a competency evaluation for Little in September of 2016. As we have recently held in *Machin v. State,* No. 4D17-2787, 2019 WL 1549376, at *3 (Fla. 4th DCA April 10, 2019), the proper remedy in such cases is to temporarily remand the case to the circuit court to hold a hearing and make a written determination as to whether it can make a *nunc pro tunc* determination of the defendant's competency. *See Dougherty,* 149 So. 3d at 679 ("[A] nunc pro tunc competency evaluation c[an] be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.'" (quoting *Mason v. State,* 489 So. 2d 734, 737 (Fla. 1986))).

We therefore remand for the trial court to hold a competency hearing within sixty days. Depending on the outcome of this hearing, the court shall proceed with one of the paths outlined in *Machin,* 2019 WL 1549376, at *3.

*Remanded for further proceedings.*

MAY and CIKLIN, JJ., concur.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*