DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD KEVIN DRENNAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-857

[ April 8, 2020 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Michael Heisey, Judge; L.T. Case No. 472018CF000330A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Ronald Kevin Drennan appeals his sentence for burglary of a structure and felony petit theft. He contends that the trial court failed to issue a written order following his competency hearing prior to sentencing. We agree and remand.

"Under the Due Process Clause of the Fourteenth Amendment, a defendant may not be tried and convicted of a crime if he is not competent to stand trial." *Gore v. State*, 24 So. 3d 1, 9 (Fla. 2009). Florida Rules of Criminal Procedure 3.210-3.212 "set forth the required competency hearing procedures for determining whether a defendant is competent to proceed or has been restored to competency." *Dougherty v. State*, 149 So. 3d 672, 677 (Fla. 2014). This Court has stated that "strict adherence" to those rules is required. *See Dortch v. State*, 242 So. 3d 431, 432 (Fla. 4th DCA 2018).

Drennan raised the issue of his competency to the trial court. The court appointed an examining physician who found Drennan competent. At

Drennan's change of plea hearing, the court orally noted that it was finding him competent to proceed based on that evaluation. A form prepared at Drennan's hearing by a deputy clerk listed the trial court's oral competency finding next to the "Sentence/Disposition" column, as follows: "Crt. finds Def. competent to proceed in this case." Although the trial court orally made its finding that Drennan was competent to proceed, no written order was entered.

Drennan does not claim that the court's competency finding was improper, only that the trial judge failed to enter a written order as to his competency. On this point, the Florida Rules of Criminal Procedure are clear: after holding a competency hearing, the trial court must enter a *written* order if it finds the defendant is competent to proceed. *See* Fla. R. Crim. P. 3.212(b); *Sallee v. State*, 244 So. 3d 1143, 1146 (Fla. 2d DCA 2018). If the trial court does not enter a written order on the defendant's competency, the appellate court must remand the case to the trial court for it to enter that order *nunc pro tunc. See Machin v. State*, 267 So. 3d 1098, 1101 (Fla. 4th DCA 2019); *Torres v. State*, 288 So. 3d 694, 694 (Fla. 4th DCA 2019).

The form prepared by the deputy clerk was neither signed nor initialed by the trial court and is not a written order as required in these cases. Therefore, we remand this case to the trial court to enter the required written order on Drennan's competency.

*Remanded with instructions.*

CONNER, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2