DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LOUIS FAUSTINO BRUNI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-885

[April 8, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 16-3363CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

In this case, the trial court agreed to a stipulated finding of competency, but the record does not demonstrate that the trial court in fact read the report finding appellant competent. We find the record must show that the trial court made an independent determination of competency before the trial court could proceed to a violation of probation hearing. Thus, we remand for the trial court to make a nunc pro tunc determination of appellant's competency. We affirm on all other issues raised.

Appellant pled no contest to aggravated stalking based on violating an injunction and was sentenced to probation, with the condition that he not have contact with the victim. Four days after his release, appellant was arrested for again violating the injunction after he rang the victim's doorbell and asked for the victim. As a result of the incident, an affidavit of violation of probation was filed against appellant.

The trial court appointed an expert to determine competency. At a competency hearing, defense counsel stipulated to competency and stated

she had e-mailed a copy of the report to the court that morning. The court asked, "You said you e-mailed it?" and defense counsel confirmed she had. The state stipulated to the contents of the report and deferred to the trial court to make a finding. The trial court then stated, "Based on the parties' stipulation to the contents of the report by [the expert], the Court will make a finding that [appellant] is competent to proceed and transfer the case back to the trial division." The trial court entered a written order stating: "It is ordered that based upon the defense and state stipulations to the reports from the doctors, the defendant is hereby adjudged; COMPETENT to proceed." After a violation of probation hearing, the trial court revoked appellant's probation. Appellant appeals the order revoking his probation, raising three issues. We affirm all issues, but discuss further only the issue regarding the competency determination.

Whether a trial court has complied with the competency hearing rules is reviewed de novo. *Hawks v. State*, 226 So. 3d 892, 893 (Fla. 4th DCA 2017).

When competency is at issue, a trial court is required to make an independent determination of a defendant's competency to proceed. *Dougherty v. State*, 149 So. 3d 672, 673, 678 (Fla. 2014). In this case, the record does not demonstrate that the trial court complied with its obligation to make an independent competency determination before proceeding with the violation of probation hearing. The trial court's oral ruling and written order reflect that the court based its decision only on the parties' stipulation to the report. "[A] court cannot find competency based on the parties' stipulation alone." *McCray v. State*, 265 So. 3d 659, 662 (Fla. 1st DCA 2019).

Nothing in the record indicates that the trial court read the report, which defense counsel said she had emailed to the court that morning. "Florida appellate courts consistently reverse competency findings when it is not clear from the record whether the trial court read the expert reports before accepting a stipulation of a defendant's competency based on those reports." *Losada v. State*, 260 So. 3d 1156, 1162 (Fla. 3d DCA 2018); *Presley v. State*, 199 So. 3d 1014, 1018-19 (Fla. 4th DCA 2016) (remanding where "it is unclear from the record whether the trial court actually reviewed the expert's report declaring appellant competent to proceed"); *Yancy v. State*, 280 So. 3d 1112, 1113 (Fla. 5th DCA 2019) (remanding for a nunc pro tunc competency determination because it was unclear from the record whether the trial court read the expert's evaluation and made an independent determination).

Thus, we temporarily remand the case to the trial court to hold a hearing and render a written order, within sixty days, as to whether it can make a nunc pro tunc determination of appellant's competency. Depending on the outcome, the trial court shall proceed with one of the paths as outlined in *Machin v. State*, 267 So. 3d 1098, 1101-02 (Fla. 4th DCA 2019) (en banc). Any order rendered on remand relating to appellant's competency shall be filed with this court. *See id.* at 1102.

*Affirmed and remanded for further proceedings.*

CIKLIN and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**