DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES AYERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-769

[April 15, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul Backman and Ilona Holmes, Judges; L.T. Case No. 12-8608CF10A.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his conviction and sentence for first-degree murder. He raises three arguments, the first two of which lack merit and do not require further discussion. The defendant's third argument contends the circuit court which presided over his competency hearing erred when it failed to make a finding, or enter a written order, on his competency to proceed in this case.

After reviewing the record and competency hearing transcript, we conclude the circuit court found the defendant competent to proceed in this case. Thus, we affirm the defendant's conviction and sentence. However, because the circuit court did not enter a required written competency order in this case, we remand for the ministerial act of entering a written *nunc pro tunc* competency order.

## *Procedural History*

Two years before the defendant committed the homicide in this case, the circuit court had found the defendant incompetent to proceed in three pending non-homicide cases.

Six weeks after the defendant committed the homicide in this case, the circuit court appointed an expert ("Expert #1") to re-examine the defendant's competency to proceed in the three non-homicide cases. The circuit court also appointed a second expert ("Expert #2") to examine the defendant's competency to proceed in this homicide case.

Three months later, the circuit court held an evidentiary hearing to determine whether the defendant was competent to proceed. At the outset of the hearing, some confusion existed regarding the cases upon which the hearing was based. The defendant's new counsel said only the three prior non-homicide cases were before the circuit court. The circuit court responded the new homicide case also was being considered. Defense counsel asked why the state had filed a motion for the defendant to be re-evaluated in only the three non-homicide cases, and why Expert #1's report did not reference the homicide. The prosecutor responded:

> [Expert #2] evaluated [the defendant] based on an order in [the homicide] case. . . .
>
> I requested [Expert #1] evaluate [the defendant] on the three prior [non-homicide] cases, where he was still technically incompetent until there is a court order, saying he's regained competency.
>
> . . .
>
> I didn't want to just rely on [Expert #2's] report [in the homicide case]. As I understood it, [Expert #2's] report . . . was assigned solely [in] the [homicide] case. . . .
>
> . . .
>
> In the [homicide] case, he's competent until there is a hearing that determines he's not competent.

The circuit court had Expert #1 and Expert #2 testify. Expert #1 testified, in sum, the defendant was competent to proceed in the three prior non-homicide cases. Expert #2 testified, in sum, the defendant was

2

competent to proceed in the homicide case. Each expert's testimony was consistent with Florida Rule of Criminal Procedure 3.211(a)'s criteria for determining whether a defendant is competent to proceed. After the experts' testimony concluded, defense counsel conceded he had no evidence or argument to offer contrary to the experts' opinions.

The following discussion then occurred between the prosecutor and the circuit court:

> [PROSECUTOR]: The State asks . . . the Court to find the defendant competent to proceed in the [non-homicide] cases. *I don't think the Court has to make a finding on the [homicide] case. He's considered competent to proceed unless otherwise.*
>
> THE COURT: *Correct.* The Court points out, first [the defendant] was found not competent to proceed [two years ago in the three non-homicide cases].
>
> As a result, he was not competent and remained not competent [in the three non-homicide cases] until such time as reevaluations were done and a hearing was held, which transpired today.
>
> Based upon the testimony of the doctors, the Court finds the defendant does meet each of the criteria for purposes of competence.
>
> The Court is going to declare [the defendant on his three non-homicide cases] . . . competent to proceed. . . . *And certainly, based upon all of the testimony, there is no reason for this Court to venture into the issue of* [*the defendant's*] *not being anything but competent when it comes to [the homicide case], considering there is no testimony to the contrary.*

(emphases added).

Immediately after the hearing, the circuit court signed a written competency order for each of the three non-homicide cases. Each order stated: "It is ordered that based upon the defense and state stipulations to the reports from the [experts], the defendant is hereby adjudged[:] COMPETENT to proceed." No such written order was entered in the homicide case.

3

A different circuit court judge presided over the defendant's homicide jury trial. At the end of jury selection, and again when the defendant chose not to testify, the circuit court asked defense counsel if he had observed the defendant do or say anything indicating he was not competent to proceed. Both times defense counsel said he had not. The trial court also told defense counsel to let the trial court know if anything changed going forward. However, defense counsel did not raise a competency issue at any point thereafter.

The jury convicted the defendant of first-degree murder as charged.

This appeal followed. As stated above, the defendant argues the circuit court which presided over his competency hearing erred when it failed to make a finding, or enter a written order, on his competency to proceed in the homicide case. According to the defendant, once the circuit court entered the order appointing Expert #2 to examine the defendant's competency to proceed in the homicide case, a competency hearing was required, the result of which must include a determination of, and a written order on, the defendant's competency to proceed.

The state responds that nothing in Florida Rule of Criminal Procedure 3.212(b) requires a trial court's written competency order to bear any specific case number to be valid. According to the state, the circuit court which presided over the competency hearing found the defendant competent to proceed at the end of the hearing and entered written competency orders in the three non-homicide cases. Thus, the state argues, it would be illogical to hold the circuit court did not find the defendant competent to proceed based only on the lack of a written competency order in this case. Further, the state argues, the circuit court which presided over the jury trial repeatedly asked defense counsel whether he had observed anything indicating the defendant was not competent to proceed, and defense counsel twice said he had not.

### *Our Review*

We review the circuit court's decision for an abuse of discretion. *See Peede v. State*, 955 So. 2d 480, 489 (Fla. 2007) ("A trial court's decision regarding competency will stand absent a showing of abuse of discretion.").

We further review the circuit court's decision to ensure it was supported by competent substantial evidence. *See Huggins v. State*, 161 So. 3d 335, 344 (Fla. 2014) ("[W]hen analyzing a competency determination on appeal, this Court applies the competent, substantial evidence standard of review.

4

In other words, a trial court's determination of competency supported by competent, substantial evidence will not be disturbed on appeal.").

Applying those standards of review, we affirm. Although the circuit court which presided over the competency hearing should have entered a written order on the defendant's competency to proceed in the homicide case, we are confident the circuit court found the defendant competent to proceed in the homicide case as well. We rely on the circuit court's final statement: "[T]here is no reason for this Court to venture into the issue of [the defendant's] *not being anything but competent when it comes to* [*the homicide case*], considering there is no testimony to the contrary." (emphasis added).

Further, competent, substantial evidence supported the finding that the defendant was competent to proceed in the homicide case. Expert #2 testified, in sum, the defendant was competent to proceed in the homicide case. Expert #2's testimony was consistent with Florida Rule of Criminal Procedure 3.211(a)'s criteria for determining whether a defendant is competent to proceed. Defense counsel did not object to Expert #2's opinions in this regard, and conceded he had no evidence or argument to offer contrary to Expert #2's opinion.

The circuit court's only error was not entering a written competency order as required in the homicide case. "Once a trial court has reasonable grounds to believe the defendant is incompetent and orders an examination, it must hold a hearing, and *it must enter a written order on the issue.*" *Dortch v. State*, 242 So. 3d 431, 433 (Fla. 4th DCA 2018) (emphasis added).

Thus, we remand for the circuit court to enter a written *nunc pro tunc* competency order under Florida Rule of Criminal Procedure 3.212(b). *See Mason v. State*, 71 So. 3d 229, 229 (Fla. 1st DCA 2011) ("We affirm [appellant's] conviction and sentence but remand for entry of a proper *nunc pro tunc* order finding [appellant] competent to proceed to sentencing. Based upon competent substantial evidence, the trial court orally found appellant competent but did not enter a written competency order under Florida Rule of Criminal Procedure 3.212(b)").

We note that both the circuit court which presided over the competency hearing, and the circuit court which presided over the jury trial, are no longer on the bench. However, we view the entry of the written *nunc pro tunc* competency order as ministerial, based on our conclusion that the competency finding was made by the circuit court which presided over the competency hearing. *Walker v. State*, 288 So. 3d 694, 696 (Fla. 4th DCA

2019). Thus, we direct the circuit court now assigned to the defendant's case to enter the written *nunc pro tunc* competency order. Because this action is ministerial, the defendant need not be present, and no hearing is necessary. *Id.*

*Affirmed with instructions.*

LEVINE, C.J., and CIKLIN, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***