DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVIN BAIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1247

[June 10, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 14-7984CF10A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant was charged with aggravated battery with a deadly weapon. The trial court entered orders to determine appellant's competency to proceed. In September 2015, appellant entered a plea agreement pursuant to which he was sentenced to five years of probation. Appellant twice violated his probation, but his probation was reinstated after he admitted to the violations. Following a third violation, in March 2019 the trial court revoked appellant's probation and sentenced him to fifty months of incarceration.

On appeal, appellant argues that the trial court erred in failing to hold a competency hearing when he originally pled to the charges and was sentenced to probation. The state responds that this issue is procedurally barred because appellant did not file a direct appeal.

Whether a trial court fundamentally erred in failing to hold a competency hearing is a pure question of law reviewed de novo. *Baker v. State*, 221 So. 3d 637, 639 (Fla. 4th DCA 2017). The standard of review for determining whether a defendant is procedurally barred from obtaining

relief is de novo.  *See State v. McBride*, 848 So. 2d 287, 289 (Fla. 2003).

In *Dortch v. State,* 242 So. 3d 431 (Fla. 4th DCA 2018) (en banc), *review granted*, SC18-681, 2018 WL 3635017 (Fla. July 11, 2018), the defendant appealed his judgment and sentence after entering a no contest plea, arguing the trial court erred in failing to hold a competency hearing and failing to enter an order on the issue prior to accepting his plea.  In reversing, this court held that to raise *on direct appeal* the issue of failure to comply with the rules governing incompetence and competency to proceed, it is not necessary to first file a motion to withdraw plea.  *Id.* at 433.

Unlike in *Dortch*, appellant did not challenge the trial court's alleged failure to comply with the rules governing competency to proceed on direct appeal from his plea.  Rather, appellant accepted the benefits of the plea bargain and had his probation reinstated twice after he admitted to probation violations.  It was not until he violated probation a third time, and the trial court revoked his probation and sentenced him to prison, that appellant first sought to raise a *Dortch* issue, approximately three-and-a-half years after originally entering the plea.  Appellant cites no authority that would support extending *Dortch* to these facts.  Because appellant did not raise this issue on a direct appeal, it is procedurally barred.  *See Dougherty v. State,* 149 So. 3d 672, 676 (Fla. 2014) (finding claim regarding competency was procedurally barred where it was not raised on direct appeal); *Matthews v. State*, 736 So. 2d 72, 74 (Fla. 4th DCA 1999) (recognizing that a defendant who has enjoyed the benefits of probation is precluded from challenging the legality of the sentence on appeal from an order revoking probation).

In summary, we decline to extend *Dortch* to the facts of this case and affirm.

*Affirmed.*

LEVINE, C.J., and DAMOORGIAN and KUNTZ, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

2