DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAVINEL ZURZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3269

[March 17, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Tim Bailey, Judge; L.T. Case No. 13-5341CF10A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Lavinel Zurz ("Appellant") appeals his convictions and sentences for aggravated battery with a firearm (count one), discharging a firearm in public (count two), and aggravated assault with a firearm (count three).

First, Appellant argues that there is a scrivener's error on the judgment that must be corrected. The verdict form reflects Appellant was found guilty on count one of aggravated battery (great bodily harm/firearm).[1] The judgment reflects Appellant was convicted on count one of "Aggravated Battery (Great Bodily Harm/Firearm)" and then refers to section "784.021(1)(a)," Florida Statutes. Aggravated battery, however, is controlled by section 784.045, Florida Statutes, not section 784.021. The State concedes error, acknowledging the judgment cites to the wrong statute.

---

[1] Aggravated battery was reclassified from a second-degree felony to a first-degree felony based on the jury's finding that Appellant used a firearm.

Accordingly, we affirm Appellant's judgment and sentence, but remand for the purpose of correcting the scrivener's error on the judgment to reflect the correct statute number in count one. *See Sweeney v. State*, 138 So. 3d 1095, 1095 (Fla. 4th DCA 2014) (per curiam) (remanding for trial court to correct statute number on defendant's sentence); *Devlin v. State*, 224 So. 3d 803, 804 (Fla. 2d DCA 2017) (affirming defendant's convictions and sentences but remanding for correction of scrivener's error to align the written sentence with the controlling oral pronouncement).

Next, Appellant argues that the trial court erred by failing to hold a proper competency hearing and failing to enter a written competency order. The State concedes error. The record reflects that prior to trial, the trial court appointed an expert to evaluate Appellant's competency. At a later hearing, where Appellant and defense counsel were not present, the trial court noted it had the competency report and "the report finds [Appellant] competent to proceed." The trial court made no further comments about Appellant's competency. The competency report was not made part of the record and there is no written order declaring Appellant competent to proceed to trial.

On this record, we are compelled to remand in order for the trial court to hold a hearing and, if appropriate based on the record before it, make a nunc pro tunc determination by written order that Appellant was competent at the time of trial. *See Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014); *Machin v. State*, 267 So. 3d 1098, 1101–02 (Fla. 4th DCA 2019). *But cf. Santiago-Gonzalez v. State*, 301 So. 3d 157, 175 (Fla. 2020) (finding that the trial court's "failure to enter a written order . . . should . . . be remediable on appeal only if the failure constitutes fundamental error" where trial court orally found defendant competent and nothing in the record indicates the failure to enter a written order was brought to the trial court's attention). If the trial court is unable to determine nunc pro tunc that Appellant was competent to stand trial, Appellant's judgment and sentences shall be vacated and Appellant shall be granted a new trial on all charges. *See Dortch v. State*, 242 So. 3d 431, 433 (Fla. 4th DCA 2018); *Bynum v. State*, 247 So. 3d 601, 604 (Fla. 5th DCA 2018).

Finally, Appellant argues that the trial court erred by (1) improperly reclassifying Appellant's conviction for aggravated battery from a second-degree to a first-degree felony; (2) excluding/limiting testimony of rebuttal witnesses; and (3) admitting into evidence photos of the victim at the hospital. We affirm the trial court's rulings on these issues without further comment.

2

For the reasons stated above, we remand for the trial court to (1) correct Appellant's judgment to reflect he was convicted on count one of aggravated battery under section 784.045, Florida Statutes; and (2) determine nunc pro tunc whether Appellant was competent at the time of his trial. We otherwise affirm Appellant's convictions and sentences.

*Affirmed in part and remanded with instructions.*

WARNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3