DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM P. WALTON, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-655

[May 25, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 432016CF000128A.

Carey Haughwout, Public Defender, Tatjana Ostapoff and Gary Lee Caldwell, Assistant Public Defenders, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, for appellee.

*ON MOTION FOR REHEARING AND ISSUANCE OF WRITTEN OPINION*

PER CURIAM.

Appellant moves for rehearing, issuance of a written opinion, and rehearing en banc as to this court's earlier per curiam decision. There, we affirmed the trial court's decision to proceed with a trial on appellant's charges without conducting a competency hearing despite previously ordering a competency evaluation. We now grant the motion for rehearing, withdraw our previously issued opinion, and substitute this opinion in its place. We also deny appellant's motion for rehearing en banc.

In this case, appellant was found guilty by a jury and sentenced a month later. Despite being on notice of a question regarding appellant's competency to stand trial, the trial court never held a competency hearing. The State concedes error and agrees that the appropriate remedy is to remand the case to the circuit court to determine whether a nunc pro tunc finding of defendant's competency is possible.

We accept the State's concession.  Unlike in *State v. Dortch*, 317 So. 3d 1074, 1084 (Fla. 2021),[1] where the Florida Supreme Court held that, *in the case of a voluntary plea*, fundamental error is not an exception to the preservation requirement of Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(c), this case is different.  Here, appellant did not enter a plea but instead went to trial.  Therefore, *Dortch* does not directly control this case's outcome.

We reverse and remand for the lower court to make a nunc pro tunc competency determination consistent with our decisions in *Machin v. State*, 267 So. 3d 1098, 1101 (Fla. 4th DCA 2019) (on rehearing en banc), and *Zurz v. State*, 315 So. 3d 14, 15 (Fla. 4th DCA 2021).

*Reversed and remanded for further proceedings.*

WARNER, LEVINE and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Neither party cited to *Dortch*; however, we find it relevant.  Considering its treatment of preservation and fundamental error, it may be that *Machin* is no longer controlling precedent as it relied on our now vacated decision in *Dortch v. State,* 242 So. 3d 431, 433 (Fla. 4th DCA 2018).  However, the parties did not address that issue before this court.