DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ASBURY LEE PERKINS, II,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-3276

[July 17, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia Cox and Dan Vaughn, Judges; L.T. Case No. 312015CF001291A.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions for first-degree murder and attempted escape. The defendant—who initially was permitted to represent himself by the predecessor judge, then chose to be represented by counsel, then was permitted to represent himself again by the successor judge—argues the successor judge erred in two respects: (1) by not conducting another inquiry of the defendant pursuant to *Faretta v. California,* 422 U.S. 806 (1975), when the defendant requested to represent himself the second time; and (2) by failing to make an independent finding of the defendant's competency to proceed, despite the predecessor judge having ordered a mental health expert to examine the defendant's competency to proceed.

The defendant's first argument lacks merit. However, the defendant's second argument has merit, as the state concedes. We will briefly address each argument in turn.

The defendant's first argument lacks merit because: (a) the predecessor judge had conducted a proper *Faretta* inquiry when the defendant initially had requested to represent himself at the beginning of the case, after which the predecessor judge found the defendant knowingly, intelligently, and voluntarily waived his right to counsel; (b) the predecessor judge, at six more pretrial hearings over the next three years, reminded the defendant of the pros and cons of self-representation, after which the defendant repeatedly confirmed that he still wanted to represent himself; (c) the pretrial hearing before the successor judge at which the defendant requested to represent himself for a second time was not a "crucial stage of the proceedings"—that is, "any stage that may significantly affect the outcome of the proceedings"—at which a *Faretta* inquiry must be renewed, *Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992); (d) no "substantial change in circumstances" had occurred which would have caused the successor judge to question the predecessor judge's original ruling on the defendant's request for self-representation, *Noetzel v. State*, 328 So. 3d 933, 951 (Fla. 2021); (e) the successor judge, at two more pretrial hearings, reminded the defendant of his right to counsel, after which the defendant again confirmed that he still wanted to represent himself; and (f) at both the pretrial conference one week before trial and on the first day of trial, the successor judge conducted *Faretta* inquiries of the defendant, after which the successor judge properly found the defendant had knowingly, intelligently, and voluntarily waived his right to counsel.

On the second argument, the state properly concedes error. Competency determinations and the specific procedures outlined in Florida Rules of Criminal Procedure 3.210–3.212 "safeguard a defendant's due process right to a fair trial and to provide the reviewing court with an adequate record on appeal." *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014). "[O]nce a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, [the trial court] has no choice but to conduct a competency hearing." *Monte v. State*, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011). "Although the trial court, when the parties agree, may decide the issue of competency on the basis of written reports alone, [the trial court] cannot dispense with its duty to make an independent determination about a defendant's competency, and must enter a written order if the defendant is found competent to proceed." *Dougherty*, 149 So. 3d at 679.

Here, the predecessor judge entered an order appointing a mental health expert to examine the defendant's competence to proceed. Despite that order, the record does not indicate the predecessor judge or the successor judge conducted a competency hearing or independently

2

determined the defendant was competent to proceed before the successor judge conducted the trial.

Thus, we remand for a hearing to determine whether a nunc pro tunc competency evaluation is possible. *Machin v. State*, 267 So. 3d 1098, 1101 (Fla. 4th DCA 2019). Pursuant to *Machin*:

> 1) If the circuit court determines a nunc pro tunc competency determination is not possible, the court must vacate the defendant's conviction and sentence. The appeal in this Court will be dismissed as moot. In this circumstance, the circuit court must hold a competency hearing, with two possible outcomes:
>
> a. If the court finds the defendant is presently competent, a new trial or plea hearing must be held.
>
> b. If the court finds the defendant is presently incompetent, the court must proceed in accordance with Florida Rules of Criminal Procedure 3.212 to 3.215 and other applicable law.
>
> 2) If the circuit court determines a nunc pro tunc competency determination is possible:
>
> a. And if the court finds the defendant was competent at time of judgment, it must (1) enter an order finding the defendant competent at the time of judgment; and (2) return the record to this Court. The appeal in this Court will then proceed.
>
> b. And if the court finds the defendant was incompetent at the time of judgment but is now competent, it must (1) vacate the defendant's conviction and sentence; and (2) hold a new trial or plea hearing. The appeal in this Court will be dismissed as moot.
>
> c. And if the court finds that the defendant was incompetent at the time of judgment and remains incompetent, the court must vacate the defendant's conviction and sentence. The appeal in this Court will be dismissed as moot. The circuit court must then proceed in accordance with Florida Rules of Criminal Procedure 3.212 to 3.215 and other applicable law.

*Id.* at 1101-02 (internal citations omitted).

*Affirmed in part, remanded in part with directions.*

WARNER and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**